MILLS, Judge.
The issue before us is whether the Division of Corrections may forfeit all gain time earned by and extra gain time allowed a prisoner without notice or hearing where the State charges the prisoner with escape but nolle prosses the charge.
Bretti left confinement at a correctional center in Florida. He was later arrested in another state and returned to Florida. The State charged him with escape but subsequently nolle prossed the charge. Without notice or hearing, the Division of Corrections forfeited Bretti’s gain time and extra gain time. He petitioned the trial court for a writ of habeas corpus which was denied. He appeals.
Section 944.28(1), Florida Statutes (1971), provides that the Division shall, without notice or hearing, declare a forfeiture of all gain time and extra gain time allowed a prisoner when the prisoner escapes.
Section 944.28(2)(a) and (b), Florida Statutes (1971), states that the gain time and extra gain time shall be subject to forfeiture if the prisoner unsuccessfully attempts to escape but he shall be entitled to notice and hearing. In view of this section, it is clear that Section 944.28(1) applies only when the prisoner is convicted of escape. Rankin v. Wainwright, 351 F.Supp. 1306 (M.D.Fla.1972). By this construction, a prisoner receives a jury trial, therefore, is afforded due process.
In the case before us, the prisoner was not convicted of escape, thus, due process requires that he be afforded an administrative hearing to contest the charge of escape. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Section 944.-28(1) and (2) affords a prisoner due process as to all other statutory and administrative charges.
We reverse the order appealed and remand this case to the trial court with instructions to remand to the Division of Corrections for appropriate administrative proceedings following the guidelines set forth in Section 944.28(2)(b).
BOYER, Acting C. J., and ERVIN, J., concur.