363 So.2d 43 (1978)
Thomas Edward DEPSON, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-252.
District Court of Appeal of Florida, First District.
October 9, 1978.
Michael J. Minerva, Public Defender and Janice G. Scott, Asst. Public Defender, for appellant.
*44 Robert L. Shevin, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Thomas Edward Depson appeals from a revocation of probation alleging first of all that the court had no jurisdiction because his probationary period had expired. Appellant was granted post-conviction relief and was re-sentenced. The order withheld adjudication of guilt and placed Depson on two (2) years probation with the special condition that he remain incarcerated for the first six (6) months of the probation. The order further specified that he was to be given credit "for any time spent in confinement in the county jail or in the custody of the Division of Corrections." Appellant contends that the credit for the time spent in confinement (19 months, 20 days) was to be credited against the entire two year probationary period and not just against the six months jail time. We find no decisions supporting that position and we do not so hold. Thus, the appellant's probationary period had not expired before revocation proceedings were initiated.
Three other points raised by appellant do have merit. First, one of the grounds for the revocation of probation was the failure to pay the cost of supervision authorized by Section 945.30, Florida Statutes (1977). The record reveals no evidence that the appellant had the ability to pay the costs of supervision. We hold that the court must make an affirmative finding that the indigent defendant's financial condition is such that payment can be made before entering a revocation on this ground. Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978). There were other grounds for the revocation which were not appealed. Thus, this finding does not directly affect the revocation.
Second, the trial court sentenced appellant to a straight time term of years and ordered that gain time be withheld. The state concedes that this was improper. Third, the trial court issued an amended judgment and sentence after the Notice of Appeal had been filed. The trial court no longer had jurisdiction once the case was on appeal. State ex rel. Faircloth v. District Court of Appeal, Third District, 187 So.2d 890 (Fla. 1966).
We, hereby, remand for correction of the judgment and sentence and specifically direct that the provision requiring the withholding of gain time be stricken.
McCORD, C.J., and MILLS and BOYER, JJ., concur.