422 So.2d 1029 (1982)
Warren T. CURRY, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
No. AO-301.
District Court of Appeal of Florida, First District.
November 30, 1982.
*1030 Warren T. Curry, pro se, petitioner.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
The fifth district indicated that this petition, transferred back to this court with opinion, Curry v. Wainwright, 419 So.2d 744 (Fla. 5th DCA 1982), is "seeking to require the Florida Parole and Probation Commission to give credit for time served in computing petitioner's presumptive parole release date." However, our reading of the petition indicates that Curry is seeking two separate forms of relief, neither of which directly addresses his presumptive parole release date. First, he asks that his gain time be calculated pursuant to the statutes in effect at the time he committed the crime for which he is now incarcerated. See § 944.27(1), Fla. Stat. (1975). Second, he asks that his present period of incarceration, pursuant to a Florida conviction, be credited with the time he spent incarcerated in Maryland, during which period Florida had a detainer lodged against him.
Awarding of statutory gain time is a function of the Department of Corrections and has no bearing on an inmate's presumptive parole release date. Awarding credit for time spent incarcerated in another jail is a function of the sentencing court. The Florida Parole and Probation Commission does not have authority to enter orders under § 921.161, Fla. Stat. (1981); it must rely on Department of Corrections commitment papers when it calculates time served for purposes of computing the presumptive parole release date.
We now consider petitioner's claims. First, as regards his claim that he is entitled to have his statutory gain time calculated under the 1975 statutes, we find that Curry has neither shown that his gain time is not being calculated under the 1975 statutes, nor alleged and shown exhaustion of his administrative remedies under Fla. Admin. Code Rule 33-3.07. See Morris v. Wainwright, 409 So.2d 1161 (Fla. 1st DCA 1982). We therefore deny the petition as to this claim. Second, as regards his claim that he is not receiving credit on his sentence for time spent incarcerated in Maryland, during which time Florida had a detainer lodged against him, we find that Curry should have appealed the sentencing court's denial of his Fla.R.Crim.P. 3.850 motion to the Fifth District Court of Appeal.[1] We have no jurisdiction and therefore dismiss the petition as to this claim.
McCORD, MILLS and SHIVERS, JJ., concur.
NOTES
[1] Attached to Curry's petition is an order from the Circuit Court for Orange County, rendered on April 16, 1982, denying Curry's motion for post-conviction relief. The order does not advise Curry of his right to appeal, as required by Fla.R.Crim.P. 3.850. We therefore transferred this petition to the fifth district for that court to determine whether the petition should be treated as one seeking a belated appeal, it appearing that the right to appeal had been denied by state action. See Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967); Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967); and Flores v. Wainwright, 240 So.2d 816 (Fla. 2nd DCA 1970).