445 So.2d 341 (1984)
Alphonso CAVE, Appellant,
v.
STATE of Florida, Appellee.
No. 63172.
Supreme Court of Florida.
February 2, 1984.
*342 Wayne R. McDonough of Saliba & McDonough, Vero Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Alphonso Cave, was found guilty of first-degree murder and sentenced to death by the trial court. On January 28, 1983, appellant filed a timely notice of appeal which is currently pending before this Court. On November 3, 1983, appellant moved to dismiss for lack of jurisdiction and, further, that the death sentence be vacated, that the cause be remanded for the imposition of a sentence of life imprisonment, and that the matter be directed to the Fourth District Court of Appeal for further appellate review. As grounds therefor the appellant cites section 921.141(3), Florida Statutes (1981) which reads in pertinent part:
In each case in which the court imposes the death sentence, the determination of the court shall be supported by specific written findings of fact based upon the circumstances in subsections (5) and (6) and upon the records of the trial and the sentencing proceedings. If the court does not make the findings requiring the death sentence, the court shall impose sentence of life imprisonment in accordance with s. 775.082.
Because of this alleged omission, appellant contends that the trial court's order imposing the death sentence is null and void and requires the imposition of a life sentence.
Appellee, State of Florida, agrees that no separate written findings of facts are contained in the record on appeal but, instead, moves this Court to temporarily relinquish jurisdiction to the trial court so that the written findings required under section 921.141(3), Florida Statutes (1981), may be prepared by the trial court and the record on appeal supplemented with these written findings.
It must be stressed that the trial judge did dictate his findings in support of the sentence of death into the record at the time of sentencing. We have previously held that "[s]uch dictation, when transcribed, becomes a finding of fact in writing and provides the opportunity for meaningful review, as required by 921.141, Florida Statutes." Thompson v. State, 328 So.2d 1 (Fla. 1976). Accordingly, we deny appellant's motion to dismiss for lack of jurisdiction to vacate the death sentence, to remand for imposition of a life sentence, and to order this matter to the Fourth District Court of Appeal for further appellate review.
Nevertheless, we find it prudent to require that written findings of fact be entered into the record on appeal and grant appellee's motion to relinquish jurisdiction and to supplement the record. Accordingly, this cause is temporarily remanded to the trial court so that written findings of fact as required under section 921.141(3), Florida Statutes (1981), may be prepared by the trial court and entered as a supplement to the record on appeal.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.