450 So.2d 926 (1984)
Kevin HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2344.
District Court of Appeal of Florida, Fourth District.
June 13, 1984.
*927 Richard F. Rendina, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Harvey appeals from an order revoking his probation and sentencing him to three years in state prison. He contends that he was entitled to be sentenced under Florida's new sentencing guidelines, Florida Rule of Criminal Procedure 3.701. We agree and reverse.
Harvey originally pled guilty to a charge of grand theft and received three years probation. In June of 1983, he was charged with violating the terms of his probation. He admitted to the violation and was sentenced to three years imprisonment on October 18, 1983.
At the probation revocation hearing Harvey affirmatively requested to be sentenced under the guidelines set forth in Florida Rule of Criminal Procedure 3.701. The trial judge verbally denied the request, citing the following grounds as reasons for his departure from the guidelines:
(1) a 1972 juvenile arrest for breaking and entering;
(2) a 1972 juvenile arrest for petit larceny;
(3) a 1975 juvenile arrest for buying and concealing stolen property;
(4) a 1975 juvenile arrest for possession of stolen property and breaking and entering with intent to commit grand larceny;
(5) a 1980 conviction for having an unsecured tag and vehicle inspection;
(6) a 1981 fine for disobeying a stop sign;
(7) a 1982 fine for racing on the highway.
In view of that criminal history, the trial court concluded, "He violated the Court's confidence and he's a thief and I make that finding, and those are the grounds that I go outside of the guidelines."
As a preliminary matter, we observe that the trial court failed to provide a written statement providing the reasons for the departure as required by Florida Rule of Criminal Procedure 3.701(d)(11). However, we do not reverse on that basis because the trial court's reasons were in fact transcribed as part of the record. We *928 believe that oral explanation in the record sufficiently provides the opportunity for meaningful appellate review for purposes of Florida Rule of Criminal Procedure 3.701. Cf. Cave v. State, 445 So.2d 341 (Fla. 1984); Thompson v. State, 328 So.2d 1 (Fla. 1976).
Turning to the merits, we hold that the trial court erred by departing from the guidelines because the proffered justification does not amount to a "clear and convincing reason" which warrants aggravating the sentence for purposes of Rule 3.701(d)(11). The state concedes that none of the items listed in appellant's history could properly be considered as "prior record" in the computation of a scoresheet under Rule 3.701. See Rule 3.701(d)(5)(a)(1), (4) and (d)(5)(c). We hold that past criminal conduct which cannot be considered in computing the scoresheet cannot be relied upon as justification for departure from the guidelines. Indeed, reliance on the first four items cited by the trial court as a basis for departure is clearly proscribed by Rule 3.701(11), which provides in pertinent part that "Reasons for departing from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained." (emphasis added). Consequently, we vacate the sentence and remand this case to the trial court for resentencing under the guidelines.
REVERSED AND REMANDED.
DOWNEY, BERANEK and HURLEY, JJ., concur.