456 So.2d 1245 (1984)
Charles BURKE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-7.
District Court of Appeal of Florida, Fifth District.
September 20, 1984.
Rehearing Denied October 10, 1984.
*1246 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction and sentence for robbery with a firearm. Appellant alleges as error the trial court's failure to sentence him in accordance with the sentencing guidelines enumerated in Florida Rule of Criminal Procedure 3.701.
Although appellant committed the robbery before the effective date of the guidelines, he elected to be sentenced under them. The recommended sentence range for this category 3[1] offense is three and one-half to four and one-half years incarceration.[2] The trial court departed from the guidelines and sentenced appellant to fifteen years incarceration.
Subsection d.11. of criminal rule 3.701 requires that the trial court accompany any sentence outside of the guidelines with a "written statement delineating the reasons for the departure." In the instant case the trial court did not provide a written statement. The court did, however, dictate its reasons for departure into the record. Those reasons are transcribed and are part of the record on appeal. Like the Fourth District Court of Appeal, we believe that oral explanation in the record sufficiently provides the opportunity for meaningful appellate review for purposes of Florida Rule of Criminal Procedure 3.701. Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984); cf. Cave v. State, 445 So.2d 341 (Fla. 1984); Thompson v. State, 328 So.2d 1 (Fla. 1976).
The trial court explained that the guideline sentence is inappropriate in this case because appellant's prior record (which includes juvenile dispositions) reflects an escalating pattern of violent criminal activity over a ten-year period and reflects that appellant has failed to respond to the state's repeated efforts to rehabilitate and/or punish him. In reaching these conclusions about appellant, the lower court considered portions of appellant's prior adult criminal and juvenile delinquency record which the guidelines preclude him from considering when tallying up the scoresheet to determine the recommended sentence. This is proper. A trial court could never deviate from a guideline sentence if, in deciding to deviate, it cannot consider factors other than those it considers in arriving at the guideline sentence. We hold that a trial court may base a departure from the guidelines on factors which it could not contemplate in calculating the guideline sentence. Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984).
We are aware that the Fourth District Court of Appeal reached a contrary result *1247 in Harvey v. State. We do not follow Harvey because that result unduly limits the court from deviating from the sentencing guidelines. We certify a conflict with Harvey.
The trial court stated reasons sufficient to support sentencing appellant above the recommended range and we affirm.
AFFIRMED.
COWART, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
The trial judge in this case did not place of record his written reasons for departing from the presumptive sentence under the sentencing guidelines. I think this is error given the mandatory language in both Florida Rule of Criminal Procedure 3.701(d)(11) and the stated purpose of the guidelines in rule 3.701(b)(6). Beyond that, the reasons verbally articulated by the judge in this case are possibly impermissible under the guidelines, but the record does not clearly show what the judge relied upon. Meaningful appellate review is therefore impossible.
The trial judge said he relied on Burke's juvenile record as the basis for departing from the presumptive sentence. He said:
But the record should show that in Mr. Burke's case, he is presently 18 years old, turned 18 in September of this year [after the offense in this case had been committed]. His encounters with the law go back to the time when he was eight years old. And in that period of time, he has encountered the law twenty-two times, this being his twenty-second encounter with the law.
He has a consistent history of theft, escalating to burglary, escalating to car theft, escalating to violence: aggravated assault, aggravated assault a second time, numerous burglaries, and now for armed robbery, one of the most serious offenses that can be made or can be charged against a person.
During his rather checkered career, since he was eight years old, he has served time in every branch of the juvenile system available. He has served time at the Eckerd Camp, which is the non-incarceration equivalent of Devil's Island, and if they can't straighten you out at Eckerd Camp, I'm not sure you can be straightened out. He has also served time in three separate state institutions with regard to these matters.
It appears to me that Mr. Burke has had numerous opportunities to straighten up his life and one of the things that he needs to realize is that crime doesn't pay. He has been singularly unsuccessful at it. If he would devote his energies to gainful employment, he would certain have fared better since I don't think he's ever gotten much from the thefts that he's committed except incarceration.
I think that Mr. Burke has had the benefit of everything that we can give him. He's had probation, he's had the chance to go to a non-incarceration camp-type environment, and then he's been incarcerated. Nothing has served to help or deter Mr. Burke.
I am not, with an escalating pattern of violent crimes like this, going to abide by the sentencing guidelines. The sentencing guidelines in and of themselves in this case are a farce.
If I sentence Mr. Burke to four years, he would not serve but two years because he would undoubtedly receive day-for-day gain time. I simply think that this escalating pattern of violence, violent crime, deserves the Sentence outside the guidelines. And those are the reasons spread upon this record to be followed by a written order that I am going outside these guidelines.
The following is Burke's prior history as revealed by the Pre-Disposition Report:

*1248
 Date of
 Referral Reason Referred Specific Disposition/Date 
 5/7/74 Shoplifting Dismissed after initial
 counseling 5/22/74
 10/8/74 Beyond Control Dismissed after initial
 counseling 11/4/74
 8/6/76 Runaway Information only 8/6/76
 11/21/77 Runaway/Ungovernable Runaway returned 12/7/77
 3/21/78 Ungovernable Delinquent Probation 7/13/78
 4/14/78 Larceny/Burglary of Closed after Initial Contact 4/22/78
 a Dwelling
 4/14/78 Runaway Closed after initial
 Counseling 4/28/78
 4/24/78 Burglary Closed after Initial
 Counseling 4/28/78
 6/5/78 Ungovernable Delinquent Probation 7/13/78
 6/5/78 Using Vehicle Without Delinquent Probation 7/13/78
 Owner's Consent
 7/6/78 Disorderly Intoxication Information only 7/13/78
 8/16/78 Aggravated Assault
 (2 cts) Committed 9/7/78
 Auto Theft (1 count)
 8/29/78 Grand Theft Committed 9/7/78
 9/5/78 Burglary Committed 9/7/78
 5/10/79 Burglary Recommitted 5/17/79
 5/10/79 Aggravated Assault Recommitted 5/17/79
 5/18/79 Auto Theft Recommitted 5/17/79
 6/23/81 Runaway Complaint Withdrawn 7/8/81
 7/17/81 Retail Theft Committed 8/6/81
 7/28/81 Grand Theft Committed 8/6/81
 6/2/83 Grand Theft Auto Involuntary Transfer to Adult
 Court  Case Dismissed 6/8/83
 7/22/83 Armed Robbery Involuntary Transfer to Adult
 Court 8/23/83
  Pled Guilty  Pending
 Sentencing

All but four of Burke's juvenile offenses were disposed of more than three years before the offense for which he was being sentenced. Many of the charges were not the equivalent of crimes, and many did not culminate in the equivalent convictions.
The sentencing guidelines specifically provide how a juvenile's record shall be treated. "Prior record" regarding a juvenile is defined as:
All prior juvenile dispositions which are the equivalent of convictions as defined in section d(2), occurring within three (3) years of the current conviction and which would have been criminal if committed by an adult... .
Fla.R.Crim.P. 3.701(d)(5)(c). Accordingly, on Burke's score sheet he was properly only given twelve points for the two crimes he committed and was convicted for within the past three years. One was a third degree felony (grand theft) and one was a misdemeanor (retail theft). Those additional twelve points were added into his score sheet to push his presumptive maximum sentence to three and one-half to four and one-half years. Using them alone as a basis to depart an additional five brackets appears to me unwarranted as a kind of double-enhancement under the guidelines system.
In addition, reliance on the balance of Burke's juvenile record, if in fact the trial judge did so, appears to me to be barred by other guidelines provisions. Rule 3.701(d)(5)(c) bars scoring for offenses committed more than three years previously. *1249 Rule 3.701(d)(5)(c) prevents scoring for non-criminal acts and rule 3.701(d)(5)(a)(1) prevents scoring for anything less than conviction: i.e., dismissals or arrests. Because the guidelines detail how a past record should be treated, it follows that matters in the history which the guidelines mention as not permissible to be used in scoring should not be used as the basis for departure. Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984). This does indeed limit the exercise of the trial judge's discretion, but without some limitation the guidelines' goals of uniformity and elimination of unwarranted variation in the sentencing process[1] will not be achieved.
NOTES
[1] Fla.R.Crim.P. 3.701 c.
[2] Fla.R.Crim.P. 3.988(c).
[1] Fla.R.Crim.P. 3.701(b).