PER CURIAM.
Although the reasons given by the trial court for departing from the recommended sentencing guideline range justify the departure, and a written transcript of the sentencing hearing containing a statement *608 of reasons satisfies the requirement of Florida Rule of Criminal Procedure 3.701 d. 11 that “[a]ny sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure” (emphasis supplied), Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984); Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984); contra, Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), we nonetheless conclude that, upon withholding adjudication of the defendant, the trial court was not empowered to suspend the entry of sentence, except incident to placing the defendant on probation, see Helton v. State, 106 So.2d 79 (Fla.1958); Phillips v. State, 455 So.2d 656 (Fla. 5th DCA 1984); Shieder v. State, 430 So.2d 537, 538 n. 1 (Fla. 5th DCA 1983); Bateh v. State, 101 So.2d 869 (Fla. 1st DCA 1958), cert. discharged, 110 So.2d 7 (Fla.1959), cert. denied, 361 U.S. 826, 80 S.Ct. 74, 4 L.Ed.2d 69 (1959). Accordingly, we remand the case for the imposition of a term of probation.
Remanded.