473 So.2d 703 (1985)
Daniel BOYNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-40.
District Court of Appeal of Florida, Fourth District.
March 27, 1985.
*704 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.
BARKETT, Judge.
This is an appeal from a conviction and sentence for burglary of a dwelling with intent to commit theft. We affirm the conviction and reverse the sentence.
Appellant contends that the trial court erred by imposing a sentence in excess of that recommended by the sentencing guidelines, Rule 3.701, Florida Rules of Criminal Procedure, and by failing to justify in writing the reasons for departure from the recommended guidelines sentence. The record below reflects conversations between the trial judge and the attorneys discussing reasons for departure from the recommended guidelines sentence. The reasons discussed include a decayed juvenile record, an arrest for which no conviction was obtained, and a concern about the lack of a guideline category for first degree felonies punishable by life imprisonment. It is unclear from this record what reasons were relied upon by the trial court in deciding to exceed the guidelines, and therefore, it is difficult for a reviewing court to determine if they would have been "clear and convincing" as required by the guidelines.
We are mindful that there is confusion in the law as to whether "a written statement" is necessary to comply with Florida Rule of Criminal Procedure 3.701(d)(11) when a sentencing judge departs from the guidelines in sentencing a convicted defendant. This court in Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), held that dictation into the record of clear and convincing reasons satisfies the rule. The fifth district in Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984), and the second district in Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984), and Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984), have followed Harvey v. State. The first district, however, in Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984), and in Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), has held that a writing is required. We feel that a writing is required. We feel that the better view is to require the trial judge to set forth in writing the reasons for departing from the presumptive sentence.
First, the language of the sentencing guidelines is clearly mandatory. Rule 3.701(d)(11), Florida Rules of Criminal Procedure, provides:
Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. (Emphasis supplied.)
Additionally, Rule 3.701(b)(6), Florida Rules of Criminal Procedure, provides:

*705 While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentences established in the guidelines shall be articulated in writing and made only for clear and convincing reasons. (Emphasis supplied.)
"Written" needs no interpretation. It is an unambiguous word and we should give drafters of statutes or rules the benefit of the English language. See, e.g., St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982). There are no exigent circumstances present which demand departure from, or "interpretation" of, the rule which requires a written statement. It is a simple matter to remand and obtain written reasons.
This seems to be the view that has been adopted by our supreme court in other areas of the law requiring a written finding of fact or a written reason for a decision. For example, section 921.141(3), Florida Statutes (1983), regarding imposition of the death sentence, provides:
In each case in which the court imposes the death sentence, the determination of the court shall be supported by specific written findings of fact based upon the circumstances in subsections (5) and (6) and upon the records of the trial and the sentencing proceedings. If the court does not make the findings requiring the death sentence, the court shall impose sentence of life imprisonment in accordance with s.775.082.
It is true that our supreme court in 1976 held that dictation into the record when transcribed met the requirements of the statute. Thompson v. State, 328 So.2d 1 (Fla. 1976). In 1984, however, in Cave v. State, 445 So.2d 341 (Fla. 1984), the court stated:
It must be stressed that the trial judge did dictate his findings in support of the sentence of death into the record at the time of sentencing. We have previously held that "[s]uch dictation, when transcribed, becomes a finding of fact in writing and provides the opportunity for meaningful review, as required by 921.141, Florida Statutes." Thompson v. State, 328 So.2d 1 (Fla. 1976). Accordingly, we deny appellant's motion to dismiss for lack of jurisdiction to vacate the death sentence, to remand for imposition of a life sentence, and to order this matter to the Fourth District Court of Appeal for further appellate review.
Nevertheless, we find it prudent to require that written findings of fact be entered into the record on appeal and grant appellee's motion to relinquish jurisdiction and to supplement the record. Accordingly, this cause is temporarily remanded to the trial court so that written findings of fact as required under section 921.141(3), Florida Statutes (1981), may be prepared by the trial court and entered as a supplement to the record on appeal.

Id. at 342 (emphasis supplied).
Thus, in Cave v. State, while the Supreme Court reaffirmed its holding in Thompson v. State regarding "dictation of findings into the record," it recognized that written findings of fact were important, and it acted by temporarily remanding the action so the trial court judge could supplement the record with written findings.
Section 39.111(6)(d), Florida Statutes (1983), regarding sentencing of a juvenile as an adult, states:
(d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14. (Emphasis supplied.)
In State v. Rhoden, 448 So.2d 1013 (Fla. 1984), the Florida Supreme Court reversed a trial judge's sentencing of a juvenile as an adult under that statute when the trial judge failed to justify this sentencing decision in writing:
Further, as noted above, section 39.111(6)(d) requires that a decision to impose adult sanctions must be in writing. *706 Finally, in section 39.111(6)(j), the legislature emphasized its purpose by stating that "[i]t is the intent of the Legislature that the foregoing criteria and guidelines shall be deemed mandatory and that a determination of disposition pursuant to this sub-section is subject to the right of the child to appellate review pursuant to s. 39.14." (Emphasis added.) It is abundantly clear that the purpose of this legislation requiring the trial court to place in writing its findings of fact and reasons for imposing an adult sentence on a juvenile is to facilitate an intelligent appellate review of such a sentence. See G.D.W. v. State, 395 So.2d 638 (Fla. 2d DCA 1981).
Id. at 1016. The court further noted:
The juvenile justice statutory scheme, as adopted by the Florida Legislature, grants to juveniles the right to be treated differently from adults. The legislature has emphatically mandated that trial judges not only consider the specific statutory criteria pertaining to the suitability of adult sanctions, but that they also reduce to writing their findings of fact and reasons for imposing an adult sentence on a juvenile. A written order is necessary in order to make effective the right of sentence review granted to juveniles by the legislature. See section 39.14, Florida Statutes (1981).
Id. at 1016-1017.
Finally, the court concluded that failure to comply with section 39.111(6) constituted fundamental error:
We hold that the provisions of section 39.111(6) must be followed by a trial judge in sentencing a juvenile as an adult, and the failure to do so requires a remand for resentencing.
Id. at 1017.
Thus, as in Cave v. State, the Florida Supreme Court has recognized the importance of placing findings in writing for purposes of facilitating appellate review.
In R.B.S. v. Capri, 384 So.2d 692 (Fla. 3d DCA 1980), in discussing various requirements of the Florida Juvenile Justice Act, Chapter 39, Florida Statutes (1979), the court stated:
First, Section 39.032(5)(a) mandates that the order entered "state the reasons for such findings of the court." The written order entered by the trial judge contained neither a finding nor reasons. Where a statute requires a written order giving findings and reasons, the transcript of the proceedings upon which the order was based cannot act as a substitute.

The requirement of the written order is consistently found in rules and statutes pertaining to bail. See Fla.R. Crim.P. 3.69(b); 18 U.S.C. § 3146 (d) (1966); Fed.R.App.P. 9(a). In matters respecting the right to be free from detention, the written order is essential:
"Even prior to the enactment of the Bail Reform Act, 18 U.S.C. § 3141 et seq. (Supp. III, 1965-1967), and the adoption of the Federal Rules of Appellate Procedure, which went into effect on July 1, 1968, it had been clearly enunciated that a District Judge in denying a motion for release pending appeal should state in writing his reasons for such an action. This requirement has now been explicitly reiterated by the Appellate Rules. Fed.R.App.P. 9. In both pretrial and postconviction requests for bail, Rule 9 requires that, upon a denial of release, or the imposition of conditions of release, the District Court `shall state in writing the reasons for the action taken.' The Advisory Committee's Note to Rule 9 makes it clear that this requirement is no minor technicality.
"The District Judge's reasoning must be delineated both out of fairness to the appellant and as an aid to this court in its role in bail administration."
Id. at 696 (footnotes omitted, emphasis added).
The alternative of allowing oral pronouncements to satisfy the requirement for a written statement is fraught with disadvantages which, in our judgment, compel the written reasons.
*707 First, it is very possible, and in many instances very probable, that the "reasons for departure" plucked from the record by an appellate court might not have been the reasons chosen by the trial judge were he or she required to put them in writing. Much is said at hearings by many trial judges which is intentionally discarded by them after due consideration and is deliberately omitted in their written orders.
Second, an absence of written findings necessarily forces the appellate courts to delve through sometimes lengthy colloquies in expensive transcripts to search for the reasons utilized by the trial courts. In R.B.S. v. Capri, the court noted:
It is not the function of an appellate court to cull the underlying record in an effort to locate findings and underlying reasons which would support the order. The statute should be complied with in the future.
384 So.2d at 696-697.
Lastly, the development of the law would best be served by requiring the precise and considered reasons which would be more likely to occur in a written statement than those tossed out orally in a dialogue at a hectic sentencing hearing. The efforts of the State of Florida to provide badly needed reforms in the sentencing aspect of the criminal justice system are in the embryonic stages. A mammoth effort has been expended by the Legislature and by the Sentencing Guidelines Commissions, past and present, to develop some uniformity and to respond to some of the major problems which surround the entire sentencing process. For the first time in this state, a body of law is being developed regarding considerations which may or may not be appropriate in sentencing criminal defendants. This effort would best be served by requiring the thoughtful effort which "a written statement providing clear and convincing reasons" would produce. This, in turn, should provide a more precise, thoughtful, and meaningful review which ultimately will result in the development of better law.
In the present case, the reasons verbally articulated by the judge perhaps are impermissible; however, we cannot gauge this because of the absence of the scoresheet and the lack of clarity in the record. Consequently, we could distinguish Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), in which the record apparently contained findings that were dictated expressly. We choose not to do so, and hold that because Florida Rules of Criminal Procedure 3.701(b)(6) and 3.701(d)(11) require that the trial court give written reasons for departure from the sentencing guidelines that it is necessary for the trial court to give written reasons. The acceptable formats may vary. The most common practice employed by the majority of trial judges is to write the reasons for departure on the scoresheet form provided by the Sentencing Guidelines Commission, to ease its monitoring function, in the place marked "Reasons for departure." Alternatively, the trial court is free to dictate to a secretary the reasons for departure, which would then be transcribed, reviewed, and acknowledged by the judge's signature, and then attached to the scoresheet. Should the trial court for some reason choose to dictate the reasons for departure to a court reporter, instead of a secretary, the dictation must be in a clear, concise, and formal manner, and not contain any colloquy or dialogue. Likewise, the reasons must then be transcribed by the court reporter, reviewed, and acknowledged by the judge's signature and attached to the scoresheet. To the extent that this holding conflicts with Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), we recede from our holding in Harvey.
Accordingly, we reverse the sentence imposed herein and remand the matter to the trial court for the preparation and execution of the scoresheet and for the court to provide written reasons, should the court decide to depart from the guidelines.
We acknowledge the conflict that exists among the district courts as to this issue, and certify to the supreme court the following question:

*708 DOES AN ORAL PRONOUNCEMENT IN THE RECORD OF THE REASONS FOR DEPARTING FROM A PRESUMPTIVE SENTENCE COMPLY WITH FLORIDA RULE OF CRIMINAL PROCEDURE 3.701(d)(11) REQUIRING THAT "ANY SENTENCE OUTSIDE OF THE GUIDELINES MUST BE ACCOMPANIED BY A WRITTEN STATEMENT DELINEATING THE REASONS FOR THE DEPARTURE", AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.701(b)(6) REQUIRING THAT "DEPARTURES FROM THE PRESUMPTIVE SENTENCES ESTABLISHED IN THE GUIDELINES SHALL BE ARTICULATED IN WRITING"?
JUDGMENT AFFIRMED, SENTENCE VACATED, AND REMANDED.
ANSTEAD, C.J., and DOWNEY, LETTS, HERSEY, GLICKSTEIN, HURLEY, DELL and WALDEN, JJ., concur.