469 So.2d 868 (1985)
Pablo Gotay VALDES, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2824.
District Court of Appeal of Florida, Third District.
May 14, 1985.
Bennett H. Brummer, Public Defender and Juan Ramirez, Jr., Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Henry R. Barksdale, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
By this appeal the appellant seeks review of an order revoking his probation and entering sentence. We find no error in the probation revocation. Cuciak v. State, 410 So.2d 916 (Fla. 1982); State v. Overton, 464 So.2d 607 (Fla. 3d DCA 1985); Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984); Atkinson v. State, 456 So.2d 568 (Fla. 5th DCA 1984); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984); Kirk v. State, 400 So.2d 540 (Fla. 3d DCA 1981). In the sentence, the trial court included therein the statement:
"The defendant having elected to be sentenced pursuant to RCrP 3.701 Sentencing Guidelines, shall not be eligible for parole or gaine (sic) time."
The trial court statement as to parole is surplusage. There is no right to parole when you are sentenced under the sentencing guidelines of 1983. See Section 921.001(8), Florida Statutes (1983). The trial court is without the authority to prevent gain time. Depson v. State, 363 So.2d 43 (Fla. 1st DCA 1978); Curry v. Wainwright, 422 So.2d 1029 (Fla. 1st DCA 1982).
*869 Therefore we modify the sentence by striking all reference to parole and gain time.
Affirmed as modified.