468 So.2d 1112 (1985)
James Edward SCHMIDT, Appellant,
v.
STATE of Florida, Appellee.
No. BA-356.
District Court of Appeal of Florida, First District.
May 21, 1985.
*1113 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant contends that the trial court erred in departing from the sentencing guidelines more than one cell (guidelines range) without reducing its reasons for departure to writing when sentencing him for his grand theft conviction. We agree and vacate and remand for resentencing consistent with this court's holding in Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985); and Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).
Pursuant to Rule 9.030(a)(2)(A)(vi), Florida Rules of Appellate Procedure, we certify conflict with Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); and Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).
As to the state's contention that the absence of a sentencing guideline scoresheet is irrelevant to the sentencing procedure, we disagree. See, Jackson v. State, supra; and Rasul v. State, 465 So.2d 535 (Fla. 2d DCA 1985), and cases therein cited. Here, unlike the circumstances in Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985), the trial court was not specifically informed of the presumptive sentence for the offense for which the defendant was being sentenced. The trial court here was informed of the presumptive sentence for uttering a forged instrument,[1] and we may presume that the judge understood the presumptive sentence for grand theft would be the same. However, we would much prefer strict adherence to the purely mechanical features of the guidelines sentencing process, since the alternative is the needless amassing of yet another body of law if we should be required, on a case-by-case basis, to decide when compliance with various steps in the process might be irrelevant, and when material to the outcome, and therefore reversible error. Somewhat the same considerations would tend to underline the advantages of separate, written reasons for departure, as called for by the guidelines, since (besides facilitating appellate review) the deliberate act of specifically reducing these reasons to writing should tend to insure emphasis upon sound and acceptable reasons, and elimination of questionable or unsupportable reasons, which in turn would help to reduce the number of needless refinements, distinctions and qualifications added to the law on this subject by the appellate courts. We therefore decline the state's suggestion that we eliminate as "senseless make-work" the requirement, which we insisted be followed in Jackson v. State, supra, of stating written reasons for departure.
REVERSED and REMANDED for resentencing.
ERVIN, C.J., and SMITH and NIMMONS, JJ., concur.
NOTES
[1] While on probation for grand theft, appellant committed another felony, uttering a forged instrument. When he was sentenced on the uttering charge, a guidelines scoresheet was prepared for that offense.