470 So.2d 105 (1985)
Wesley P. PRANGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-621.
District Court of Appeal of Florida, Second District.
June 7, 1985.
*106 SCHEB, Acting Chief Judge.
Defendant appeals the trial court's denial of his motion for post-conviction relief seeking to correct an allegedly illegal sentence.
The court sentenced defendant Wesley P. Prangler to concurrent terms of eleven and one-half months in county jail on three counts of burglary of a conveyance, a third-degree felony. The sentences were imposed pursuant to a plea bargain and no credit was allowed for time served or gain time. Although defendant admits the voluntariness of his nolo contendere plea to the three burglary charges, he contends that he could not waive his rights to jail credit and gain time under any circumstances.
Defendant's argument concerning jail credit is legally insufficient because he could validly enter into a plea bargain waiving his right to credit for time served. Epler v. Judges of the Thirteenth Judicial Circuit, 308 So.2d 134 (Fla. 2d DCA 1975). However, the award of statutory gain time for good conduct in county jail is a function of the county commissioners. § 951.21, Fla. Stat. (1983). See also Curry v. Wainwright, 422 So.2d 1029 (Fla. 1st DCA 1982). Thus, a trial court has no authority to prevent gain time. See Valdes v. State, 469 So.2d 868 (Fla. 3d DCA 1985). Consequently, any waiver of gain time by the defendant was ineffective and the portion of the trial court order referring to gain time was surplusage.
Accordingly, we modify defendant's sentence by striking reference to his waiver of gain time.
Affirmed as modified.
SCHOONOVER and FRANK, JJ., concur.