475 So.2d 1362 (1985)
Gregory Lawson VANCE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1371.
District Court of Appeal of Florida, Fifth District.
October 3, 1985.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John R. Stump, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Vance moves this court to grant a rehearing in his case. We affirmed his sentence which departed from the presumptive sentence range established by the sentencing guidelines. Fla.R.Crim.P. 3.701(d)(11). Based on recent Florida Supreme Court cases, we grant the motion for rehearing, withdraw our prior opinion and issue the following opinion.
In this case, the trial judge gave as a written reason for his departure sentence on the scoresheet "defendants [sic] attitude and lack of honesty at sentencing."
It is clear from the record Vance was being given a greater sentence because he refused to confess, failed to admit his guilt and persisted in maintaining his innocence. He admitted he had sold drugs before but denied having done so on this occasion, so the trial judge became insistent that he tell "the truth" about this occasion and when he continued to maintain *1363 his innocence, despite the jury verdict to the contrary, he incurred the judge's wrath. These are neither proper nor clear and convincing reasons to impose a departure sentence. Kossow v. State, 468 So.2d 1104 (Fla.2d DCA 1985); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
At the sentencing hearing the trial court also said in the written transcript that Vance should be sentenced to a prison term rather than a non-state prison sanction because of his prior criminal record.[1] The trial court concluded Vance was not a good candidate for any non-state prison sanction, his having "manipulated the system before." We will assume that reasons stated in a written transcript may justify a departure sentence.[2] Vance's prior criminal record was scored on his sentencing scoresheet. Thus it cannot be a basis to aggravate the sentence. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The final reason for departure given by the trial court on the scoresheet was "defendant's drug problem." At the sentencing hearing the court characterized Vance as being chemically dependent and "in need of help." However we agree with Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984) that "there is no logical correlation between appellant's need for medical treatment and an extended term of imprisonment in the state correctional system." Id. at 552. Drug dependency, like a mental health problem, is a treatable medical and psychological condition. Prison is no "cure" for either. To the extent the departure sentence was based on speculation that drug dependency will lead to commission of further crimes or ones for which Vance has not been convicted, these types of reasons are not clear and convincing, and furthermore are in fact prohibited by the guidelines. Fla.R.Crim.P. 3.701(d)(11); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984); Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
None of the reasons given for the departure sentence are sufficient to support it. Accordingly, we vacate the sentence imposed in this case and remand for resentencing.
SENTENCE VACATED; REMANDED.
DAUKSCH and SHARP, JJ., concur.
COWART, J., dissents without opinion.
NOTES
[1] In 1975 Vance was found guilty of buying and receiving stolen property, for which offense he was placed on probation; and he had committed a prior misdemeanor.
[2] We do not reach this issue in this case, but note a conflict between the district courts of appeal on its resolution. See Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985); Schmidt v. State, 468 So.2d 1112 (Fla. 1st DCA 1985); Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); contra, Boehmer v. State, 472 So.2d 555 (Fla. 5th DCA 1985); Hernandez v. State, 465 So.2d 578 (Fla. 1st DCA 1985); State v. Overton, 464 So.2d 607 (Fla. 3rd DCA 1985); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); and Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).