SHARP, Judge.
The sole issue in this case is whether or not the trial court erred in departing from the presumptive sentence range in the sentencing guidelines.[1] The court sentenced *713 Young to thirty months in the state prison system, an upward departure of one bracket. Young’s presumptive sentence was any nonstate prison sanction, based on a total sentencing score of eighteen points for uttering a forgery. We vacate the sentence.
In this case the trial judge gave as his written reasons for departing:
Defendant’s inability to put together a plan for rehabilitation and his refusal to recognize his chemical dependency.
At the sentencing hearing, Young freely admitted he stole checks, forged two of them, and wrongfully obtained money for them. He admitted his behavior pattern was flawed, and said he wanted to correct it. He had a full time job at the time of sentencing, and had successfully completed probation in connection with a prior offense. He asked not to be given a prison sentence. He suggested probation, community service, restitution, and attendance at A.A. meetings. We do not think the two reasons given by the trial judge are clear and convincing ones to justify a departure sentence. It is not the responsibility or obligation of a defendant to plan his own punishment and rehabilitation. That is what the state employees involved in sentencing and trial judges are supposed to be doing.
Nor is the fact that a defendant has an alcohol abuse problem a valid reason by itself to aggravate a sentence under the guidelines. Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985). If jail time is needed in the trial court’s view, a county jail term could be resorted to, and/or combined with mandatory A.A. attendance for a time on probation.
Accordingly, we vacate the sentence and remand for sentencing within the presumptive sentence range of “any nonstate prison sanction.”
SENTENCE VACATED; REMANDED.
COBB, C.J., and UPCHURCH, J., concur.

. Fla.R.Crim.P. 3.701(d)(ll).