FRANK, Judge.
The appellant, Ronald J. Moore, challenges the trial court’s reasons for imposing a sentence upon him beyond the guidelines.
After pleading nolo contendere to and being adjudicated guilty of aggravated assault, battery, child abuse and tampering with a witness, Moore received a total sentence of eighteen months of state imprisonment to be followed by two years of probation. The sentence constituted a departure from the guidelines’ recommended sentence calculated to be “any non-state prison sanction.” The trial court submitted the following as its justification for the departure: “Repeated spouse batteries for which penalties of short jail sentences and counseling had been imposed with no rehabilitation apparent. Necessity of impressing defendant with seriousness of such offenses and of his alcohol abuse and need for long term counseling.”
Any concern the trial court may have harbored regarding Moore’s alcohol abuse problem cannot form the basis for departing from the guidelines and imposing a state prison sanction. See Young v. State, 480 So.2d 712 (Fla. 5th DCA 1986). Moreover, the trial court’s reference to the repeated battery of Moore’s spouse and to the need for rehabilitation are based factually on Moore’s prior convictions which had been scored in determining his presumptive sentence thus invalidating the departure. See Williams v. State, 492 So.2d 1308 (Fla.1986).
Accordingly, the sentence is vacated and the matter is remanded for resentencing. In all other respects, the appellant’s conviction is affirmed.
DANAHY, C.J., and RYDER, J., concur.