493 So.2d 93 (1986)
Harold E. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2836.
District Court of Appeal of Florida, Second District.
September 5, 1986.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
*94 SANDERLIN, Judge.
In this appeal Hall takes issue with the sentence he received after violation of probation. Essentially, he argues the trial court erred in denying statutory gain time. We agree.
According to section 944.275, Florida Statutes (1983), awarding of gain time is solely within the province of the Department of Corrections. See also Curry v. Wainwright, 422 So.2d 1029 (Fla. 1st DCA 1982). Thus, the trial court cannot bar gain time nor may the defendant be compelled to forego the same under plea negotiations.
In Prangler v. State, 470 So.2d 105 (Fla. 2d DCA 1985), the defendant appealed from the trial court's denial of his motion to correct an illegal sentence. Under a plea bargain, he had voluntarily waived gain time. On appeal he argued that he could not waive gain time under any circumstances. We agreed and held,
[A] trial court has no authority to prevent gain time. See Valdes v. State, 469 So.2d 868 (Fla. 3d DCA 1985). Consequently, any waiver of gain time by the defendant was ineffective and the portion of the trial court order referring to gain time was surplusage.
Prangler at 106.
Relying on Prangler, we affirm the sentence but modify it by striking all references to defendant's waiver of gain time.
RYDER, A.C.J., and BOARDMAN, EDWARD F., (Ret.), J., concur.