504 So.2d 34 (1987)
Jerry Lee CAUSEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BN-333.
District Court of Appeal of Florida, First District.
March 11, 1987.
*35 David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Causey appeals his judgment and sentence for the offense of attempted sexual battery upon a child 11 years or younger. The assistant public defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) stating that no good faith argument could be made that reversible error occured. Our review of the record, however, has revealed an issue which must be addressed. Pursuant to his plea of nolo contendere Causey was sentenced to seven years incarceration to be followed by five years probation. In a separate order filed as part of the sentence Causey was directed to undertake a period of community service in lieu of payment of certain court costs. The order added that Causey's failure to perform the community service within the first six months of his release from incarceration "shall result in the revocation of defendant's gain-time and completion of the balance of the original sentence."
The circuit court has no authority to direct such a summary revocation of gain-time as part of its sentence. Valdes v. State, 469 So.2d 868 (Fla. 3d DCA 1985); Bretti v. Wainwright, 360 So.2d 1299 (Fla. 1st DCA 1982); Depson v. State, 363 So.2d 43 (Fla. 1st DCA 1978). Such power is the exclusive province of the Department of Corrections, and even its power ceases upon the prisoner's release from incarceration. §§ 944.275, .28 and .291, Fla. Stat. Therefore, the order is modified to delete the sentence referring to a possible revocation of gain-time. As modified, the judgment and sentence are AFFIRMED.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.