FARMER, J.
This petition may take the prize for chutspa.[1] Two years after he began serving a 15-year sentence in 1985, petitioner escaped and remained at large until 1997 when he was captured and returned to prison.[2] He brought this petition for ha- *465 beas corpus seeking his immediate release on the theory that his 15-year sentence is up and he should be released. His specific complaint is that the State is wrongfully refusing to give him credit for the 9 years, k months, that he remained at large on his escape!
We, of course, find no error in the position of the State. He can hardly claim to be serving a sentence while he has escaped. Neither has he pointed to any provision of law that requires the State to give an escapee “credit” for the time he spends wrongfully outside his prison walls. If, as the poet said, “stone walls do not a prison make,”[3] it is also true that 9/6 years outside on the lam do not a sentence make.
WRIT DENIED.
KLEIN and GROSS, JJ., concur.

. Chutspa (sometimes spelled chutzpah) has been defined as "presumption-plus-arrogance such as no other word, and no other language can do justice to.” Leo Rosten, The Joys of Yiddish 93 (1968).

. Although he was formally charged with the crime of escape, the charge was dismissed for failure to bring it within the 3-year statute of limitations. To be sure, the dismissal of the criminal charge has no bearing on the power of the Department of Corrections to use the fact of the escape in calculating just how much of the sentence he has actually served, so long as it gives him a hearing to contest the separate, administrative charge that he did in fact escape and remain at large for nearly 10 years. Bretti v. Wainwright, 360 So.2d 1299 (Fla. 1st DCA 1978). Petitioner has been given such a hearing.

. Richard Lovelace, To Althea: From Prison.