432 So.2d 799 (1983)
Michael L. DOMINQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2172.
District Court of Appeal of Florida, Second District.
June 15, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
Appellant pled nolo contendere to eight counts of uttering a forged instrument and two counts of forgery. He argues on appeal that the trial court should have granted his motion to withdraw the pleas because there was confusion as to the terms of a plea agreement. We reverse.
Appellant initially entered pleas of not guilty. At a change of plea hearing, Judge Swanson agreed to sentence appellant to five years on each charge, to be served concurrently, as recommended by the assistant state attorney. Appellant's attorney informed the judge that he had reason to believe additional charges might be filed. The assistant state attorney present at the hearing had no knowledge of other charges. The following exchange occurred:
MR. TAYLOR [appellant's attorney]: If they come up do you have any objection to a similar disposition?
MR. HELINGER [assistant state attorney]: None at all if they occur around the same period of time.
Judge Swanson made no comment. Sentencing was continued pending completion of a pre-sentence investigation.
Other charges were filed, and appellant pled guilty before and was sentenced by Judge Penick to five-year concurrent sentences on the later charges prior to appearing before Judge Swanson for sentencing.
At the subsequent sentencing hearing before Judge Swanson, appellant's attorney stated that there was some confusion as to whether the sentences to be imposed that day would or should be concurrent with those imposed earlier by Judge Penick. Appellant's attorney argued that the state had agreed that all sentences were to be concurrent. A different assistant state attorney than had been present at the plea hearing argued that the state never represented that the sentences would be concurrent with any new charges. Judge Swanson frankly admitted that he had no recollection of what his intentions were at the plea hearing and commented that the pre-sentence investigation reflected that appellant had committed a series of forgeries in the past for which he had received probation. Judge Swanson announced that appellant would be sentenced to five years for each *800 charge, concurrent only as to those charges before him. The sentences would be silent concerning whether they would be concurrent with the sentences handed down by Judge Penick.
Noting that the effect of silence would be consecutive sentences, appellant's attorney asked that appellant be given an opportunity to withdraw his plea. This request was denied.
We initially note that appellant did not expressly reserve the right to appeal any issue. However, because the record raises issues concerning the voluntary or intelligent character of the plea, and because appellant moved to withdraw the plea, this case is subject to review on direct appeal. Robinson v. State, 373 So.2d 898 (Fla. 1979).
The record indicates that there was confusion and legitimate disagreement as to the terms of the plea negotiation. Under such circumstances, the trial court should have allowed appellant to withdraw his plea. Reynolds v. State, 339 So.2d 714 (Fla. 2d DCA 1976).
Accordingly, the judgments and sentences are vacated, and the case is remanded to allow appellant the opportunity to withdraw his plea. Should appellant decide not to withdraw his plea, the trial court should reinstate the previous judgments and sentences.
SCHEB and LEHAN, JJ., concur.