536 So.2d 1087 (1988)
James LOVETT, Appellant,
v.
STATE of Florida, Appellee.
State of Florida, Appellant,
v.
James Arthur Lovett, Appellee.
Nos. 87-2430, 87-2568.
District Court of Appeal of Florida, Fourth District.
November 16, 1988.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for James Lovett.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard L. Polin, Asst. Atty. Gen., Miami, for State of Fla.
LETTS, Judge.
At sentencing, points because of a prior record were tabulated resulting in a recommended sentence of seventeen to twenty-two years in prison. The defendant appeals from the use of hearsay by way of computer printout and a telephone call to support the sentence meted out by the final judgment. We reverse and remand.
At the sentencing hearing, the defendant strongly objected to the authenticity of the printout information claiming that some of the charges listed thereon had been dropped and that in one instance there had been an acquittal rather than the conviction listed.
The defendant's objection specifically disputed the correctness of the information on the printout. In such event the state must *1088 provide corroborating evidence before the data on the printout can be used to enhance the sentence. Smelley v. State, 500 So.2d 318 (Fla. 1st DCA 1986). On the other hand, if the objection to the printout (P.S.I. or whatever) is first raised at the sentencing hearing, the state must be given an opportunity to provide the corroboration. So far as we can determine from the record, the objections were first raised at sentencing. Accordingly, while we reverse and remand for resentencing, the state should be given a reasonable opportunity to provide the corroboration.
In all other respects, the cause is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
DELL and WALDEN, JJ., concur.