549 So.2d 734 (1989)
Alfred Lee WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03519.
District Court of Appeal of Florida, Second District.
September 27, 1989.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
The defendant appeals his five-year sentence for burglary, alleging that it is improper under the sentencing guidelines. On December 8, 1987, he was convicted of burglary and petit theft. At the sentencing hearing, which was conducted immediately *735 after the defendant's trial, defense counsel objected to and demanded proof of the number of prior convictions which the state had used in calculating the defendant's presumptive guidelines sentence of nine to twelve years' incarceration for the burglary conviction. Rather than delay the entry of sentence, the trial court imposed a five-year jail sentence for the burglary conviction and a consecutive sixty-day jail sentence for the petit theft conviction. The trial court, however, informed the parties that it would modify the five-year sentence if the state did not establish the prior convictions.
At a post-trial hearing held on December 15, 1987, the prosecutor represented to the trial court that he had found felony convictions which would support a presumptive guidelines sentence in only the 3 1/2-to-4 1/2-year range. No evidence was presented. The prosecutor requested additional time to obtain evidence of convictions in another county. The trial court "struck" the case from the docket, but did not modify or vacate the sentence. Defense counsel did not attempt to resolve this sentencing issue during the three weeks remaining to file a notice of appeal. Instead, he filed a notice of appeal two days later.
On May 16, 1989, the appellate public defender filed a motion to determine mootness, alleging that the defendant had served his sentence and had been released and, thus, the sentencing issue had been rendered moot. This court denied the motion without prejudice to the defendant filling a motion to dismiss. Such a motion was never filed.
Although the trial court erred in entering sentence without requiring the state to corroborate the prior convictions once the defendant had objected to the number of convictions shown on the scoresheet, see Smith v. State, 528 So.2d 100 (Fla. 2d DCA 1988); Lovett v. State, 536 So.2d 1087 (Fla. 4th DCA 1988); Massalene v. State, 524 So.2d 1122 (Fla. 1st DCA 1988), we are compelled to dismiss this appeal because the defendant has served both of his sentences and has been released. Any error in the scoring of his prior convictions on the scoresheet has been rendered moot.
Dismissed.
RYDER, A.C.J., and EDWARD F. BOARDMAN, (Ret.) J., concur.