LETTS, Judge.
When sentencing the defendant, the trial court departed upward from the recommended guideline range. The scoresheet included the written words “recent release from prison.” This notation was apparently the only reason for the departure and was based on an oral representation to that effect by the assistant state attorney. No objection was made. We affirm.
There are several cases standing for the proposition that departure is justified where only “a short period of time” has transpired between the crime at issue arid release from incarceration for some other transgression. Lee v. State, 537 So.2d 704 (Fla. 1st DCA 1989); see also Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), affirmed, 504 So.2d 392 (Fla.1987). It is true that in Lovett v. State, 536 So.2d 1087 (Fla. 4th DCA 1988), we found hearsay testimony, as to a prior record, insufficient. However, in Lovett, the defense “strongly objected” to the hearsay testimony at sentencing. In the ease at bar, no objection was made, and because this involved the existence of a factual question, there should have been a contemporaneous objection. State v. Whitfield, 487 So.2d 1045, 1046, n. 2 (Fla.1986); Castor v. State, 365 So.2d 701 (Fla.1978).
*708 We find no merit to the remaining point on appeal.
AFFIRMED.
GARRETT and WARNER, JJ„ concur.