PER CURIAM.
Petitioner has failed to show that he received inadequate representation from appellate counsel in his appeal as of right, in which judgment and sentence were affirmed. The appellate mandate was issued in September 1989.
The law in existence at times pertinent did not support raising on appeal the issue that temporal proximity is invalid as a departure reason. Had the issue been raised on appeal, it would have been found without merit. Failure to raise an unmeritorious issue is not ineffective assistance. E.g., Bolender v. Dugger, 564 So.2d 1057, 1059 (Fla.1990), habeas denied, 757 F.Supp. 1400 (S.D. Fla.1991).
State v. Jones, 530 So.2d 53 (Fla.1988), did not hold that temporal proximity of commission of a crime, evincing an unreconstructed antisocial attitude, was an inadequate reason for a departure sentence; rather, use of that departure reason was apparently endorsed, provided the record supported the conclusion. See also Darden v. State, 475 So.2d 214 (Fla.1985) (appellate counsel’s failure to submit as supplemental authorities Florida Supreme Court opinions which “may have suggested nascent development of relevant doctrine” on the issue, did not fall outside the range of professionally acceptable performance); Mauney v. State, 553 So.2d 707 (Fla. 4th DCA 1989) (departure sentence based on short interval between release from prison *312 and commitment of new offense upheld); Barfield v. State, 594 So.2d 259 (Fla.1992) (to extent opinion in State v. Jones, 530 So.2d 53 (Fla.1988), appears to support temporal proximity without more as a ground for departure sentence, Florida Supreme Court recedes).
Petition denied.
STONE, GUNTHER and WARNER, JJ., concur.