616 So.2d 1137 (1993)
Danny L. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1862.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Sara Blumberg of Dubiner & Blumberg, P.A., Boynton Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty and Georgina Jimenez-Orosa, Asst. Attys. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
DELL, Judge.
We grant the State's motion for rehearing, withdraw the opinion issued on July 8, 1992 and substitute the following opinion.
Appellant contends his plea of guilty to the charges of robbery and petit theft was invalid because the trial court failed to advise him of the ten year mandatory minimum sentence as an habitual violent felony offender as required by rule 3.172(c)(1), Florida Rules of Criminal Procedure. Since appellant did not present this specific argument to the trial court in either of his motions to withdraw his plea, he cannot raise it for the first time on appeal. See Castor v. State, 365 So.2d 701 (Fla. 1978).
*1138 However, in view of the Florida Supreme Court's recent decision in Ashley v. State, 614 So.2d 486 (Fla. 1993), we will briefly address appellant's challenge to the imposition of an enhanced penalty pursuant to the habitual offender statute, section 775.084, Florida Statutes (1987). In Ashley, the court stated:
In sum, we hold that in order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.
Id. at 490. The record reflects on March 1, 1991, the state served the public defender with written notice of its intention to seek an enhanced penalty pursuant to Florida Statute 775.084. At the March 5, 1991 plea conference, the court discussed the consequences of the habitual offender statute:
STATE ATTORNEY: Then the maximum would change if in fact you habitualize him. If you habitualize  second degree felony, thirty years on 
COURT: You are asking that he be habitualized?
STATE ATTORNEY: Yes, Judge.
COURT: If I habitualize you, Mr. Brown, then I can sentence you to thirty years and [it is] totally [within] my discretion. Is that your understanding of what is going to happen if I accept your plea?
DEFENDANT: Yes.
... .
COURT: One thing further, and I think Mr. Brown needs to know this, Mr. Brown has it been discussed with you that if I were to habitualize you that your gain time that you get in the Department of Corrections is figured quite differently than if I were not to habitualize you; you know what I am talking about as far as gain time goes?
DEFENDANT: Yes, I understand.
COURT: You understand gain time, okay. Well, if I were to habitualize you it is my understanding that any sentence that I might impose, that you would serve at least, probably, half of it. and that  maybe more. If I were not to habitualize you then, because of the gain time you would be given, you might only serve twenty percent of the sentence. Was that explained to you.
PUBLIC DEFENDER: We discussed it.
DEFENDANT: Yes.
COURT: Okay, fine, good.
The record shows appellant received proper notice from the state of its intent to seek an enhanced penalty pursuant to the habitual offender statute and that he was apprised by the court and his counsel of the "possibility and reasonable consequences of habitualization." Therefore, we affirm the trial court's denial of appellant's motion to withdraw his plea.
Next, appellant contends the trial court erred when it sentenced him to a term of one year and one day for petit theft. Normally this argument would have merit; however, since appellant's sentences are concurrent and he has already served this term in prison, the issue is now moot. See Williams v. State, 549 So.2d 734 (Fla. 2d DCA 1989).
Finally, appellant has failed to demonstrate reversible error based on the trial court's failure to make express findings pursuant to Florida Statute section 775.084(3) and (4). See State v. Rucker, 613 So.2d 460 (Fla. 1993).
Accordingly, we affirm appellant's conviction and sentence.
AFFIRMED.
HERSEY and POLEN, JJ., concur.