647 So.2d 202 (1994)
Derwin Jay PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3000.
District Court of Appeal of Florida, First District.
July 19, 1994.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn S. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Senior Judge.
Perkins appeals the trial court's order sentencing him as an habitual felony offender, contending that the trial court failed to timely inform him of the reasonable consequences of his guilty plea.
On February 19, 1992, Perkins was charged by information with ten counts of burglary of a dwelling. The state served its written notice of intent to classify Perkins as an habitual felon on February 20, 1992, and on that same day, the court held a hearing at which Perkins entered a plea of not guilty. At that hearing, the court informed Perkins that the state was seeking to classify him as an habitual offender and that, based on his prior convictions, the state was seeking a sentence of 300 years' imprisonment. The court further informed Perkins that, as an habitual offender, he would not be eligible for gain time or for a sentence pursuant to the sentencing guidelines. At a later hearing on March 3, 1992, Perkins rejected the state's offer of a 30-year sentence and was informed, in open court, that the maximum sentence that could be imposed would be 300 years' imprisonment.
On July 9, 1992, Perkins signed a written plea form in which he pled guilty to each count in exchange for an habitual offender sentence of 30 years' imprisonment on each count, to run concurrently. Perkins then filed a motion to withdraw his plea on July 20, 1992, alleging that (1) he was not guilty, (2) he did not have reasonable time to deliberate on his plea, (3) he had ineffective counseling, and (4) he had poor recommendations. The trial court denied the motion to withdraw the plea on August 10, 1992. After determining that Perkins qualified for habitual offender sentencing, the court adjudicated him guilty and sentenced him to concurrent 30-year terms.
Perkins asserts that his sentence must be reversed because the trial court failed to follow the requirements of Ashley v. State, 614 So.2d 486 (Fla. 1993) (in order to be classified as an habitual offender, a defendant must be given written notice of intent to habitualize). Although recognizing that he received timely written notice of the state's intent to habitualize him, Perkins argues that the requirements of Ashley were violated because he was not told of the collateral consequences of his plea (loss of gain time, and control release considerations) in either *203 the written plea form or the plea colloquy that took place at the time of his plea of guilty.
We refuse to consider this issue, however, because Perkins did not first present this issue to the trial court in his motion to withdraw the plea. Although the voluntary and intelligent character of a plea of guilty may be appealed absent an express reservation of the right to appeal that issue, the Florida Supreme Court has stated that
an appeal from a guilty plea should never be a substitute for a motion to withdraw a plea. If the record raises issues concerning the voluntary and intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea.
Robinson v. State, 373 So.2d 898, 902 (Fla. 1979). The supreme court further reasoned that if the action of the trial court on the motion to withdraw the plea is adverse to the defendant, the adverse decision could then be reviewed on direct appeal. See also Trujillo-Pentate v. State, 609 So.2d 72 (Fla. 1st DCA 1992), rev'd on other grounds, 620 So.2d 1231 (Fla. 1993); Isley v. State, 565 So.2d 389 (Fla. 5th DCA 1990).
In order for this court to properly consider an issue regarding the voluntariness of a plea of guilty under Robinson, however, the issue presented on direct appeal must be an issue that the trial court was asked to resolve in the prior motion to withdraw the plea. Compare Dominquez v. State, 432 So.2d 799 (Fla. 2d DCA 1983) (appellate court considered defendant's specific argument regarding the voluntary and intelligent nature of his guilty plea where he presented the identical argument to the trial court in his motion to withdraw the plea) with Brown v. State, 616 So.2d 1137 (Fla. 4th DCA 1993) (appellate court may not consider defendant's argument on appeal regarding the voluntary and intelligent nature of his guilty plea because he failed to present the "specific argument" to the trial court in either of his motions to withdraw his plea). In the instant appeal, the issue that Perkins asks this court to consider was not presented to the trial court in his motion to withdraw his guilty plea. Based on Robinson, we may not now consider this issue. Thus, we affirm the sentence imposed by the trial court.
WOLF and LAWRENCE, JJ., concur.