656 So.2d 255 (1995)
Gary WHITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1692.
District Court of Appeal of Florida, Third District.
June 14, 1995.
*256 Gary White, in pro per.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN, and LEVY, JJ.
PER CURIAM.
Appellant contends that the trial court erred in not allowing credit for time served when the appellant was initially sentenced and, furthermore, in denying appellant's motion to allow credit for the county jail time, which said motion was filed approximately fourteen months after the appellant was sentenced.
The record before us reflects that the appellant entered a "no contest" plea, with the court thereafter sentencing the appellant to a sentence that specifically excluded credit for time served. Since the trial court's sentence specifically excluded credit for time served, rather than failing to address the issue, the question remains unanswered as to whether the appellant waived the right to credit for time served pursuant to section 921.161 Florida Statutes, as part of a plea bargain that was approved and accepted by the court. See Prangler v. State, 470 So.2d 105 (Fla. 2d DCA 1985). Parenthetically, we note that the appellant has failed to establish, or even allege, that he did not specifically waive credit for time served at the time that he entered his negotiated plea of "no contest".
Since the trial court failed to attach those portions of the record supporting the denial of the appellant's motion to allow credit for time served, we reverse the denial of the said motion and remand the case back to the trial court so as to allow the trial court to determine whether, as part of a negotiated plea, the appellant specifically waived the right to receive credit for time served while awaiting dispositions of the instant charge. This reversal is without prejudice to the trial court re-entering its order denying appellant's credit for time served, and attaching those portions of the record supporting such denial, if the trial court determines that the appellant did, in fact, waive any right that he might otherwise have had to receive credit for time served.
Reversed and remanded with instructions.