PER CURIAM.
David Lipford appeals the denial of his motion to vacate judgments of conviction and sentences, filed under Florida Rule of Criminal Procedure 3.850. The record does not conclusively show, as to any of the five grounds urged in the motion, that Lipford is not entitled to relief. We reverse the trial court’s denial of Lipford’s rule 3.850 motion and remand for an evidentiary hearing. Fla. R.App.P. 9.140(g).
Lipford was charged with several offenses allegedly occurring in connection with an escape from the Jackson County Jail on June 9, 1992. He alleges he entered pleas of guilty on September 29, 1992, and was adjudicated guilty and sentenced on November 19, 1992. Lipford allegedly received a life sentence for kidnapping, thirty years consecutive for escape, ten years consecutive for aggravated assault on a correctional officer, and ten years consecutive for depriving an officer of means of communication, all as an habitual violent felony offender. Lipford also allegedly received a five-year concurrent sentence for violation of community control, armed burglary, aggravated assault with a firearm, and aggravated assault with a firearm on a law enforcement officer.
Lipford raises five grounds in his motion for postconviction relief. He alleges that (1) his plea of guilty was involuntary because defense counsel, the prosecutor, and the judge all led him to believe that he would be mandatorily released in five years; (2) he received ineffective assistance of counsel because counsel led him to believe he would be *55 released in five years; (3) he was denied the right to appeal; (4) he was denied the right to counsel on his motion to withdraw the plea; and (5) there was no factual basis for the plea. Although reversal is appropriate on each of the five grounds, because the record refutes none of them,* Lipford’s third ground for relief warrants some further discussion.
The language of section 924.06(3), Florida Statutes (1991) and Florida Rule of Appellate Procedure 9.140(b)(1) notwithstanding, case law recognizes a right to a direct appeal from a plea of guilty in limited circumstances. E.g., Robinson v. State, 373 So.2d 898 (Fla.1979); Perkins v. State, 647 So.2d 202 (Fla. 1st DCA 1994), review denied, 648 So.2d 723 (Fla.1994); Brown v. State, 609 So.2d 730 (Fla. 1st DCA 1992), review denied, 618 So.2d 1369 (Fla.1993). Our supreme court has stated that the “prohibitions against an appeal from a guilty plea are directed to pretrial rulings and not to matters which may occur contemporaneously with a plea of guilty....” Robinson, 373 So.2d at 900. The court delineated the types of issues that occur contemporaneously with a plea of guilty.
There is an exclusive and limited class of issues which occur contemporaneously with the entry of the plea that may be the proper subject of an appeal. To our knowledge, they would include only the following: (1) the subject matter jurisdiction, (2) the legality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea.
Id. at 902 (emphasis supplied). “If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea.” Id. In the present case Lipford did file a motion to withdraw his plea.
Although the alleged denial of the right to appeal is cognizable, because of the motion to withdraw the guilty plea, there would be no reason to allow a belated appeal if the convictions and sentences are set aside based on one or more of the other four grounds.
Accordingly, the cause is REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, MINER and BENTON, JJ., concur.

 Fla.R.App.P. 9.140(g). The record only contains Lipford's motion for postconviction relief, a signed affidavit, the summary denial of Lipford’s motion, Lipford’s motion for rehearing, the sum-maiy denial of that motion, and Lipford's notice of appeal. The court orders do not give any reasons for the summary denials.