676 So.2d 997 (1996)
Raphael SURINACH, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-1862.
District Court of Appeal of Florida, Third District.
June 12, 1996.
*998 Raphael Surinach, in pro. per.
Robert A. Butterworth, Attorney General, and Paul M. Gayle-Smith, Assistant Attorney General, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
COPE, Judge.
Rafael Surinach appeals an order denying his motion for post-conviction relief. We affirm.
The defendant, Rafael Surinach, pled nolo contendere to burglary of an unoccupied dwelling and grand theft. The trial court sentenced the defendant to an agreed habitual offender sentence of nine years pursuant to a negotiated plea. Surinach filed a motion for post-conviction relief, claiming error under Ashley v. State, 614 So.2d 486 (Fla. 1993).[1] He argues that he should be allowed to serve the nine years without the habitual offender status, that is, as "straight time." The lower court denied the motion without hearing. Surinach appeals.

I.
Surinach first contends that his sentence as an habitual offender violates Ashley because the State filed no written pre-plea notice of its intent to seek habitual offender sentencing. The purpose of requiring a pre-plea written notice is to give the defendant the opportunity to prepare for the hearing "so that a knowing and intelligent plea may be entered, and in the case of sentencing, an argument against habitualization may be readied." Id. at 490; Massey v. State, 609 So.2d 598, 600 (Fla.1992). Here, by contrast, Surinach with the advice and assistance of counsel entered into a plea agreement to be sentenced as a habitual offender to a term of nine years.[2] Under these facts, the absence of the written notice of intent to habitualize is immaterial. Surinach had actual notice of the intent to habitualize because Surinach specifically agreed, in a plea negotiated through counsel, to be habitualized. We find this issue to be without merit. See Massey v. State, 609 So.2d at 600; State v. Will, 645 So.2d 91, 93 (Fla. 3d DCA 1994).

*999 II.
Surinach next contends that his habitual offender sentence must be converted to "straight time" because the court failed to explain to him during the plea colloquy the reasonable consequences of habitualization. Under Ashley, "the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization." 614 So.2d at 490. "The defendant should be told of his or her eligibility for habitualization, the maximum habitual offender term for the charged offense, the fact that habitualization may affect the possibility of early release through certain programs, and, where habitual violent felony offender provisions are implicated, the mandatory minimum term." Id. at 490 n. 8. It appears that if the defendant will lose eligibility for basic gain time,[3] this must also be covered. See State v. Blackwell, 661 So.2d 282, 283-84 (Fla.1995) (approving form of written plea agreement).
In the present case the court did not confirm that the defendant was personally aware of the possibility and reasonable consequences of habitualization. Defendant argues in essence that if the plea colloquy is insufficient under Ashley, the defendant is entitled to have his sentence converted to a nonhabitual sentence for "straight time." We disagree.
Defendant's argument on this point is based on a misunderstanding of what occurred in the Ashley case. In Ashley, the defendant entered a no contest plea which was accepted by the trial court. 614 So.2d at 487. The written plea agreement indicated only that Ashley was entering a plea for a sentence within the guidelines, id. at 490-91, and there was no mention that the state was seeking to treat Ashley as a habitual offender. Id. After the plea had already been accepted by the trial court, the state filed a notice of habitualization. Id. at 487. The Florida Supreme Court concluded that Ashley had entered a plea for an ordinary guideline sentence and the court had accepted that plea. Id. at 491. The court ruled that under those circumstances, the state would not be allowed to come in after the fact and attempt to change the agreement. Id. Thus, based on those specific facts, the Florida Supreme Court held that Ashley was entitled to the benefit of his plea bargain, and that he must be sentenced within the guidelines. Id.; see also State v. Blackwell, 661 So.2d at 284 (explaining Ashley).
The present case is very different from Ashley. In the present case the defendant specifically agreed to a habitual offender sentence. Defendant did not enter into an agreement for a guideline sentence. Accordingly, the defendant is not entitled to have his habitual offender sentence converted to a sentence for "straight time." Since that is the only relief the defendant has requested in his rule 3.850 motion, it follows that the order denying post-conviction relief is correct and must be affirmed.
If a defendant claims there is an Ashley error in the plea colloquy, defendant can only obtain post-conviction relief by following the same rules which would apply in any other case where a plea has been accepted and sentence has been imposed, namely, by moving to withdraw the plea. See Williams v. State, 316 So.2d 267 (Fla.1975). The motion must make a clear showing which explains why the Ashley error caused prejudice or manifest injustice to the defendant.[4]See id. at 274-75 (Fla.1975); State v. Will, *1000 645 So. 2d at 93; Suarez v. State, 616 So.2d 1067, 1068 (Fla. 3d DCA 1993).
Furthermore, in making the motion to withdraw the plea the defendant should be aware that if the defendant proceeds to trial and is convicted, the trial court is not limited to imposing the original nine-year habitual offender sentence, but on the contrary is allowed to exceed the previously-bargained-for sentence and may impose any sentence allowed by law. See Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
In the present case the defendant has not moved to withdraw his plea. His rule 3.850 motion does not make any showing of prejudice or manifest injustice. Consequently, the motion was legally insufficient. We affirm the order denying post-conviction relief, but do so without prejudice to the defendant to file a legally sufficient motion if he has grounds to do so.

III.
The Ashley decision is proving to be a fertile ground for post-conviction petitions. The trial courts would be well advised to require written plea agreements in habitual offender cases setting forth the disclosures required by Ashley. See generally State v. Blackwell, 661 So.2d at 283.

IV.
The order under review is affirmed.
NOTES
[1] Surinach was sentenced after Ashley was announced.
[2] The plea colloquy reflects:

THE COURT: Mr. Surinach, is your attorney correct when he tells us that in cases 93-16697, 93-16698, and 93-16699 that you wish to withdraw your previously entered plea of not guilty to enter a plea of no contest and be sentenced as a habitual offender in State Prison, adjudicated on all charges, additionally, the two cases, 93-34521 and 93-34531, will be, if an information is filed either November 1st or November 2nd or whenever, will be pled concurrent; is this what you want to do?
THE DEFENDANT: Yes, sir.
[3] Basic gain time has been abolished for offenses committed on or after January 1, 1994. § 944.275(6)(a), Fla.Stat. (1995). In the present case, the date of defendant's crime was March 1993.
[4] The fact that a plea colloquy was deficient under Ashley does not, in and of itself, constitute prejudice or manifest injustice. See State v. Will, 645 So.2d at 93.

Defendant in this case only claims that the colloquy was insufficient. He does not say that he did not know the consequences of habitualizationhe only says that that colloquy failed to cover it. Obviously if defendant was advised of the consequences of habitualization by his attorney, or if he otherwise already knew the consequences, he has not been harmed by the omission in the plea colloquy.
Even if defendant claims that he did not know the consequences of habitualization, he still must show how he suffered prejudice or manifest injustice.