689 So.2d 1147 (1997)
Christopher O. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2622.
District Court of Appeal of Florida, Fourth District.
February 26, 1997.
*1148 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our previously issued opinion and substitute the following in its place.
The appellant challenges his sentence rendered after his probation was revoked. He claims that his habitual offender sentence must be reversed because of failure to comply with the provisions of Ashley v. State, 614 So.2d 486 (Fla.1993), that the court erred in revoking his probation for the violation of an illegal condition of probation, that the evidence did not show a willful, substantial and material violation, and that the written sentence did not conform to the trial court's oral pronouncement. Except as to the last issue, we affirm.
The appellant pled guilty to burglary, grand theft, and dealing in stolen property based upon a plea agreement which indicated that the state would be seeking to declare the appellant a habitual offender. The plea was accepted by the court, and the appellant was sentenced as a habitual offender. However, the court suspended his prison sentence and placed him on thirty years probation on one count and ten years probation on another count, all subject to the appellant successfully completing the sheriff's drug farm program, a six to twelve month program. Appellant requested that he go to the drug farm, as he testified that he needed help with his drug problem. There were other conditions of probation, but they are not in issue.
An affidavit of violation of probation was filed some five months after sentencing because appellant was being discharged from the drug farm for refusing service. After the hearing, appellant agreed to a modification of the probation order sending him back to the drug farm to restart the program at the orientation level. Appellant agreed to extend his term at the drug farm an additional 90 days.
Eight months later, another affidavit of violation of probation was filed because appellant had not successfully completed the program. Again, rather than face a hearing and the possible revocation of probation, appellant agreed to go back to the drug farm as well as to waive all credits for his prior time there.
A third and final affidavit for violation of probation was filed three months later alleging again that appellant violated his probation by failing to successfully complete the drug farm program. A hearing was held where testimony was offered by the state as well as appellant on whether there was a *1149 material violation. The trial court determined that appellant had violated probation and sentenced him as a habitual offender to concurrent terms of ten years in prison.
Appellant first contends that his habitual offender sentences must be reversed because he did not receive written notice of the state's intent to request habitualization, nor was he informed of the reasonable consequences of habitualization. Appellant did not present this argument to the trial court, did not appeal his original sentence, and did not move to withdraw his original plea. See Williams v. State, 691 So.2d 484 (Fla. 4th DCA 1997); Robinson v. State, 373 So.2d 898 (Fla.1979); Surinach v. State, 676 So.2d 997 (Fla. 3d DCA 1996); Heatley v. State, 636 So.2d 153 (Fla. 1st DCA 1994); Brown v. State, 616 So.2d 1137 (Fla. 4th DCA 1993). Therefore, he is entitled to no relief in this appeal on this point.
Appellant also argues that because the condition of probation to complete the drug farm program as modified by agreement exceeded twelve months, it constituted an illegal condition of probation. Appellant requested diversion to the drug farm instead of the long prison sentence he faced when he originally was sentenced. The trial court agreed with his request. The court authorized treatment at the drug farm for a period not to exceed one year. When he was violated after having spent less than a year at the farm, he twice voluntarily agreed to return to the drug farm rather than be sentenced to prison. Moreover, he also specifically agreed to waive any credit for his prior drug farm treatment in voluntarily returning there.[1] Having accepted the benefits of his probation, he cannot now challenge the illegality, if any, of his original sentence. See Brown v. State, 659 So.2d 1260 (Fla. 4th DCA 1995); Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991).
Appellant also claims that the evidence failed to establish a willful, substantial and material violation of probation. Whether or not appellant's violation of probation was willful and substantial is a question of fact, and we will not reverse unless an abuse of discretion is shown. Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988). We find no abuse of discretion in the trial court's determination.
Finally, the state conceded that the written sentence does not conform to the oral pronouncement in that on count I the trial court sentenced appellant to ten years in prison, while the written sentence recites that the sentence is for fifteen years. We therefore remand to the trial court to correct the written sentence and conform it to the oral pronouncement. See Avery v. State, 543 So.2d 296 (Fla. 5th DCA), dismissed, 553 So.2d 1164 (Fla.1989).
Affirmed in part; reversed in part and remanded.
GLICKSTEIN and STEVENSON, JJ., concur.
NOTES
[1] We specifically do not decide whether the drug farm is the functional equivalent of jail so as to require credit for time served. Even if it were, a defendant may agree to waive credit for time served. Prangler v. State, 470 So.2d 105 (Fla. 2d DCA 1985); see also White v. State, 656 So.2d 255 (Fla. 3d DCA 1995); Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). Therefore, the prior service at the farm would not be included in determining whether in modifying appellant's probation his "sentence" to the drug facility exceeded one year in duration.