704 So.2d 213 (1998)
Harold N. NEWSOME, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03945.
District Court of Appeal of Florida, Second District.
January 16, 1998.
PER CURIAM.
Harold N. Newsome appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raises several grounds for relief in his motion, only one of which merits discussion. We affirm, but write to address the appellant's claim that the trial court failed to comply with the mandates of Ashley v. State, 614 So.2d 486 (Fla.1993).
On July 6, 1993, appellant pleaded guilty to burglary of a dwelling (count one), a second-degree felony, and criminal mischief (count two), a third-degree felony. He was adjudicated guilty as a habitual felony offender and was sentenced to fifteen years' state prison on count one and five years' state prison on count two, less time served. The sentences were to run concurrently.
The appellant took a direct appeal from the conviction and this court affirmed without opinion.[1] Appellant then filed a timely motion for postconviction relief alleging, in part, that the trial court erred by failing to inform him of the reasonable consequences of habitualization prior to accepting his guilty plea. The trial court summarily denied the motion.
In Ashley, the Florida Supreme Court stated:
In sum, we hold that in order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.
Ashley, 614 So.2d at 490 (footnote omitted).
In this case, the State concedes that the trial court failed to confirm that appellant was personally aware of the reasonable consequences of habitualization. However, the State argues that appellant is not entitled to *214 any relief because he failed to allege that he suffered any prejudice as a result of the trial court's error. We agree.
Alleging prejudice is essential when moving for postconviction relief based on an Ashley error. See Surinach v. State, 676 So.2d 997, 999 (Fla. 3d DCA 1996). This means that in order to be successful the defendant must allege that he would not have entered the plea had he been aware of the reasonable consequences of habitualization.[2] Because appellant failed to allege prejudice, we must affirm the trial court's denial of appellant's motion for postconviction relief. However, we do so without prejudice to the defendant to file a legally sufficient motion on proper grounds.
Affirmed.
PARKER, C.J., and FRANK and WHATLEY, JJ., concur.
NOTES
[1] Newsome v. State, 649 So.2d 242 (Fla. 2d DCA 1994).
[2] "The defendant should be told of his or her eligibility for habitualization, the maximum habitual offender term for the charged offense, the fact that habitualization may affect the possibility of early release through certain programs, and, where habitual violent felony offender provisions are implicated, the mandatory minimum term." Ashley v. State, 614 So.2d 486, 490 n. 8 (Fla. 1993).