PER CURIAM.
Joseph Alexander Jenkins appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 in which he asserted numerous grounds for relief. We reverse and remand only as to two of the claims raised. In these two claims, Jenkins alleges that the trial court failed to follow the procedures required for habitualization that the supreme court described in Ashley v. State, 614 So.2d 486 (Fla.1993).
Jenkins entered open pleas of nolo conten-dere to multiple criminal offenses in two separate cases on the same day. The trial court sentenced him as a habitual felony offender in both cases. Jenkins states that he did not receive written notice of the intent to habitualize him in case number 93-14461, although he did receive the notice in the other case.
Jenkins further asserts that the trial court failed to ascertain that he was personally aware of the maximum habitual offender sentence he could receive and the consequences of habitualization in both cases. He makes the required prejudice allegation by asserting that if he had been given the information, he would not have entered the plea, but would have proceeded to trial. See Newsome v. State, 704 So.2d 213, 214 (Fla. 2d DCA 1998).
In Ashley, the supreme court held:
[T]hat in order for a defendant to be habit-ualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitu-alize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.
614 So.2d at 490. Jenkins’ claims are facially sufficient.
Since the trial court’s order merely denies relief without any attachments to refute *727 these allegations, we reverse and remand for further proceedings as to the Ashley claims. If the trial court again summarily denies the motion, it must attach those portions of the record that refute the allegations. If the allegations cannot be conclusively refuted by the record, an evidentiary hearing may be conducted. If Jenkins’ allegations are determined to have merit, he must be allowed to withdraw his plea and thereafter enter into a new plea arrangement or proceed to trial.
Reversed and remanded.
PATTERSON, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.