ANTOON, Judge.
Howard B. Haye (defendant) petitioned this court to issue a writ of habeas corpus allowing him to file a belated appeal. As grounds for the petition, defendant alleged his appellate counsel was ineffective for failing to raise certain issues on direct appeal. We deny the petition because defendant’s claims are without merit.
In June 1990, defendant broke into an Orlando motel room and sexually battered and robbed two female tourists before fleeing in their car. As a result of his crimes, defendant was convicted of two counts of sexual battery with a firearm,[1] two counts of robbery with a firearm,[2] one count of burglary with a firearm,[3] and one count of grand theft auto.[4] The trial court sentenced defendant to a term of forty years’ imprisonment for each of the first five counts, and five years’ imprisonment on the remaining count. The trial court directed the sentences to run consecutively. The first five counts also carried three-year mandatory minimum sentences.[5]
On direct appeal, this court affirmed the defendant’s convictions, but vacated the sentences because the trial court had improperly imposed consecutive mandatory minimum sentences. See Haye v. State, 615 So.2d 762, 767 (Fla. 5th DCA 1993). On remand, the trial court corrected the defendant’s sentences. Defendant again appealed and we affirmed per curiam the amended sentences without an opinion. See Haye v. State, 626 So.2d 699 (Fla. 5th DCA 1993). Defendant now seeks permission to file a belated appeal contending that his appellate counsel was ineffective by reason of his failure to raise the following trial errors on direct appeal: (1) the admission of unsworn testimony; (2) the admission of defendant’s involuntary confession; and (3) the use of improper hearsay as a basis for imposing a departure sentence. The record before us refutes the validity of these claims.
*1062 First, defendant argues that a state trial witness was not placed under oath prior to submitting her testimony; however, the court minutes indicate that the witness was placed under oath. As for the claim that defendant’s confession was improperly admitted, no objection was raised at trial to the admission of the confession on grounds that it was involuntary. Appellate counsel cannot be deemed ineffective for failing to raise an issue which was not preserved at trial for appellate review. See Williamson v. Dugger, 651 So.2d 84, 86-7 (Fla.1994), cert. denied, 516 U.S. 850, 116 S.Ct. 146, 133 L.Ed.2d 91 (1995). Similarly, defendant contends that his appellate counsel was ineffective by failing to argue that the trial court improperly relied on hearsay statements in deciding to impose a departure sentence. The record again reveals that there was no objection to the testimony on hearsay grounds. A contemporaneous objection to hearsay presented at a sentencing hearing is required to preserve that issue for appellate review. Mauney v. State, 553 So.2d 707 (Fla. 4th DCA 1989). Accordingly, appellate counsel was not ineffective for failing to raise this issue on appeal. See Williamson, 651 So.2d at 86-7.
PETITION DENIED.
DAUKSCH and PETERSON, JJ., concur.

. § 794.011(3); Fla. Stat. (1989).

. § 812.13(2)(a), Fla. Stat. (1989).

. § 810.02(2)(b), Fla. Stat. (1989).

. § 812.014, Fla. Stat. (1989).

. § 775.087, Fla. Stat. (1989).