718 So.2d 294 (1998)
Deloris CHERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-05053.
District Court of Appeal of Florida, Second District.
September 11, 1998.
James Marion Moorman, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Deloris Cherry appeals the final judgment and sentence entered after the trial court revoked her probation in this welfare fraud case. We agree that the trial court erred by revoking Cherry's probation; therefore, we reverse the revocation of probation and sentence. Additionally, we direct the trial court *295 to correct several scrivener's errors made in the final judgment of sentence.
The State charged Cherry with welfare fraud, a third-degree felony, in violation of section 409.325(1)(a)-(b), (5)(b), Florida Statutes (1987), for welfare fraud occurring from July 1, 1988 through April 30, 1990. Subsequently, Cherry pleaded no contest, and the trial court sentenced her to five years of probation, community service hours, and restitution in the amount of $5,295.55. Approximately one month before the end of Cherry's probation, the Department of Corrections filed an affidavit of violation of probation alleging that Cherry had violated special condition 13 of her probation by failing to pay $3,290.58 in restitution.
This case involves seven hearings on Cherry's alleged violation of probation. Cherry contended that her medical problems prevented her from working; therefore, she could not comply with the restitution condition of her probation. At the fourth hearing, a letter was presented to the court from Cherry's doctor stating, "I see no medical reason why she cannot be gainfully employed." During this same hearing, the trial court instructed Cherry to either get a job or produce evidence from another doctor indicating a legitimate reason why she cannot work. During the seventh hearing, Cherry produced a letter from her employer stating that she was currently employed thirty to forty hours a week at five dollars an hour. The trial court then decided that "[t]here's no reason why you cannot work, and there's no reason as far as I'm concerned that you couldn't have worked all along so you will be adjudicated." The trial court then revoked Cherry's probation and imposed six months of community control, followed by five years of probation with credit for time served.
When deciding whether to revoke probation for failure to pay restitution, "there must be a determination that the person has, or has had, the ability to pay but has willfully refused to do so." Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994). The State presented evidence to the trial court indicating that Cherry was capable of being gainfully employed at the time of the fourth hearing, pursuant to the doctor's letter and that she was employed by the time of the seventh hearing. However, the State failed to present any direct evidence that Cherry had the ability to work or to pay restitution from the beginning of her probationary period up to the time of her fourth hearing. Likewise, the State did not present any evidence that Cherry did not pursue employment following the fourth hearing. The record reflects that Cherry found employment; however, the trial court failed to determine whether she then had the ability to pay restitution and that she willfully refused to do so. Accordingly, the trial court abused its discretion in revoking Cherry's probation. See Haynes v. State, 571 So.2d 1380, 1381 (Fla. 2d DCA 1990).
We also agree with Cherry that the trial court erred by imposing a sentence which exceeded the statutory maximum for a third-degree felony. See Waters v. State, 662 So.2d 332, 333 (Fla.1995) (maximum sentence for a third-degree felony is five years); § 775.082(3)(c), Fla. Stat. (1987). Nonetheless, Cherry has completed the sentence in question, making this issue on appeal moot. See Williams v. State, 549 So.2d 734, 735 (Fla. 2d DCA 1989). However, because Cherry's original sentence resulted in no adjudication, the adjudication the trial court entered following the revocation of probation must be reversed.
Finally, we note that Cherry originally entered a plea of no contest to the charge of welfare fraud; however, the final judgment erroneously indicates that Cherry entered a guilty plea. Also, the final judgment incorrectly indicates that the amount of restitution owed was $5,295.55. The correct amount of remaining restitution at the time of the final judgment was $3,290.58. Upon remand, these scrivener's errors should be corrected. See Wright v. State, 600 So.2d 548 (Fla. 2d DCA 1992).
Reversed and remanded to the trial court to withdraw the order revoking probation, to set aside the adjudication and sentence, and to correct the scrivener's errors.
ALTENBERND and QUINCE, JJ., concur.