802 So.2d 512 (2001)
Terrius RENDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1431.
District Court of Appeal of Florida, Third District.
December 26, 2001.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
*513 Robert A. Butterworth, Attorney General, and Gary K. Milligan, Assistant Attorney General, for appellee.
Before COPE, GREEN and FLETCHER, JJ.
COPE, J.
Terrius Render appeals an order denying his motion to correct illegal sentence, whereby he sought additional credit for time served. Because defendant-appellant Render waived credit for time served prior to sentencing as part of the plea bargain, we affirm the order denying the motion.
In 1996, the State direct filed an information against the defendant, who was of juvenile age, for robbery, battery on a person over sixty-five years old, and resisting arrest without violence.[1] Defendant entered a guilty plea and was sentenced to nine months incarceration in county jail, followed by eighteen months of probation.
While serving the probationary term, the defendant was charged with four new cases of armed robbery.[2]
Defendant entered a guilty plea in all of the cases in exchange for an agreed youthful offender sentence of four years in state prison, to be followed by two years of probation. As part of the plea bargain, defendant waived credit for all time served. Defendant was incarcerated for twenty-three months prior to sentencing.[3]
The defendant argues that if his credit for time served is considered, then he is serving a youthful offender sentence which exceeds the legal maximum. He reasons that under the youthful offender statute, a split sentence cannot exceed four years incarceration plus two years of probation. See Louissaint v. State, 727 So.2d 403 (Fla. 3d DCA 1999). He states that if the twenty-three months of incarceration is added, then in the 1997 cases he had received an incarceration sentence of nearly six years, followed by two years of probationwhich the statute does not allow.
We reject the defendant's argument. There is a statutory right to credit for time served. § 921.161, Fla. Stat. (1995). However, it has long been established that the right to credit for time served may be waived as part of a plea bargain. White v. State, 656 So.2d 255, 256 (Fla. 3d DCA 1995); Prangler v. State, 470 So.2d 105, 106 (Fla. 2d DCA 1985); Epler v. Judges of the Thirteenth Judicial Circuit, 308 So.2d 134, 135 (Fla. 2d DCA 1975).
In the present case, the defendant was charged with multiple armed robberies, each being a first degree felony punishable by life imprisonment. The defendant's sentencing guidelines were 15.7 to 25.6 years imprisonment. There is also an indication that the defendant qualified for habitualization.
Plainly there were significant advantages for the defendant to be classified as a youthful offender and to receive the shorter sentencing specified by that statute. In accordance with the case law just cited, the waiver of credit for time served was permissible. The fact that the defendant, with the advice of counsel, waived credit for time served does not render the sentence "illegal."
*514 The defendant contends that this procedure runs afoul of such decisions as Louissaint and Collado v. State, 776 So.2d 355 (Fla. 3d DCA 2001). That is not so. In those cases, the sentence actually imposed by the trial court exceeded the legal maximum. The sentences imposed in the present case are within the legal maximum, and the waiver of credit for time served is authorized by well-established law.
The defendant contends that the trial court's ruling is contrary to Francois v. State, 695 So.2d 695 (Fla.1997). Again, we disagree. That case involved an agreement to extend the probationary period beyond the legal maximum, which is impermissible. The present case does not involve an agreement to extend the legal maximum.
Affirmed.
NOTES
[1] Miami-Dade County Circuit Court case number 96-33338.
[2] Miami-Dade County Circuit Court case numbers 97-35731, 97-36365, 97-38699 and 97-38700.
[3] In the 1996 case, the defendant had served an additional nine months in jail.