WHATLEY, Judge.
Thearon Sampson challenges the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Sampson raised two grounds in his motion. We affirm, without comment, the denial of one of the grounds, but we reverse and remand for further proceedings on the other ground.
Sampson pleaded with the understanding that he would be sentenced as a habitual offender. He later timely filed a 3.850 motion in which he alleged that his plea was involuntary because he was not informed of the consequences of habituali-zation. Because Sampson’s claim was facially insufficient under Newsome v. State, 704 So.2d 213 (Fla. 2d DCA 1998), this court affirmed the denial of the claim “without prejudice to Sampson’s right to file a facially sufficient rule 3.850 motion.” Sampson filed a second rule 3.850 motion, which included this claim. This time, in compliance with Newsome, Sampson alleged that he would not have pleaded if he had been aware of the reasonable consequences of habitualization. The trial court *1112 denied this claim, finding that it was both successive and time barred. However, Sampson filed this ground of his motion in response to our mandate. We therefore reverse the trial court’s denial of the claim and remand to the trial court with directions to consider the claim.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and STRINGER,-JJ., Concur.