STRINGER, Judge.
David Lovette appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 in which he asserted several grounds for relief. We reverse and remand as to one claim. We affirm as to the remaining claims without comment.
Lovette was sentenced as a habitual felony offender to fifteen years in prison with five years suspended to be served as probation. He claims that he did not receive written notice of the intent to habitualize him. He further asserts that the trial court failed to ascertain that he was personally aware of the maximum habitual offender sentence he could receive and the consequences of habitualization. Lovette asserts that if he had been given the information, he would not have entered the plea, but would have proceeded to trial.
In Ashley v. State, 614 So.2d 486, 490 (Fla.1993), the Florida Supreme Court held that when a defendant is sentenced as a habitual felony offender, he must be told about the consequences of habitualization. Lovette’s claim is therefore facially sufficient. See Newsome v. State, 704 So.2d 213, 214 (Fla. 2d DCA 1998) (holding that defendant must allege that he would not have entered the plea had he been aware of the reasonable consequences of habitu-alization).
Since the trial court’s order merely denies relief without any attachments to refute these allegations, we reverse and remand for further proceedings as to this claim. If the trial court again summarily denies the motion, it must attach those portions of the record that refute the allegations. If the allegations cannot be conclusively refuted by the record, an eviden-tiary hearing may be conducted.
Affirmed in part, reversed in part, and remanded.
DAVIS and COVINGTON, JJ., Concur.