PER CURIAM.
We have before us an appeal from a revocation of probation for Appellant’s failure to complete a substance abuse program. Appellant’s failure to complete the substance abuse program does not support revocation. The order did not provide a deadline for completing the treatment program, and there was sufficient time remaining in Appellant’s probationary term to comply with the order. Gamble v. State, 737 So.2d 1160 (Fla. 1st DCA 1999); Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995); Green v. State, 620 So.2d 1126 (Fla. 1st DCA 1993). Before a trial court may revoke a defendant’s probation for faffing to complete a special condition of probation, the trial court must impose a time limit for completing the condition. In addition, a trial court may revoke probation if the defendant has failed to complete the program and insufficient time remains during the probationary period for compliance. Appellant’s probationary term has already expired, making this issue moot. However,. Appellant’s original sentence resulted in no adjudication, so the adjudication which the trial court entered following the revocation of probation must be. reversed. Cherry v. State, 718 So.2d 294, 295 (Fla. 2d DCA 1998). We therefore REVERSE and REMAND to the trial court to withdraw the order revoking probation and to set aside the adjudication and sentence.
REVERSED and REMANDED.
ERVIN, PADOVANO and THOMAS, . JJ., Concur.