912 So.2d 62 (2005)
James CASTRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1368.
District Court of Appeal of Florida, Third District.
September 28, 2005.
*63 James Castro, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before LEVY, GERSTEN, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, James Castro, appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), wherein he claims he did not receive credit for all of the time he served prior to his plea. We affirm.
The record reflects that after several violations of probation, the defendant admitted to committing new violations and was sentenced to six years incarceration with credit for 364 days he had previously served. The defendant contends, however, that he was entitled to substantially more credit for time served. A review of the transcript of the plea colloquy reflects that the trial court was inclined to sentence the defendant to six years incarceration with credit for the time that he served prior to sentencing which the trial court estimated would be approximately two years. The defendant, however, successfully bargained for a lesser sentence of four years, with credit for only 364 days, thereby reducing (as was his goal) the remaining time he must serve.
As the plea transcript clearly reflects that the defendant, as part of a negotiated plea bargain, waived his right to receive credit for time he served in excess of 364 days, we affirm the trial court's order denying the defendant's postconviction motion seeking additional credit for time served. See Render v. State, 802 So.2d 512 (Fla. 3d DCA 2001)(holding that the statutory "right to credit for time served may be waived as part of a plea bargain"); Griffin v. State, 798 So.2d 828 (Fla. 3d DCA 2001)(affirming order denying postconviction motion where plea colloquy was "very specific that defendant was waiving any claim for credit for time served prior to sentencing").
Affirmed.