[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10747
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-00093-GKS-DCI


ARCHIE L. JENKINS,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 23, 2017)


Before TJOFLAT, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Archie Jenkins appeals the District Court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Jenkins originally pleaded guilty to attempted burglary and grand theft and, pursuant to that plea agreement, was sentenced to concurrent fifteen and five-year terms of imprisonment. He then had his plea and sentence vacated at his behest. Thereafter, he entered into another plea agreement and was sentenced to concurrent four-year terms without credit for time served.

The District Court granted a certificate of appealability ("COA") as to whether the state trial court violated his right against double jeopardy. Relying on *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072 (1969), Jenkins argues that his sentence violated the Double Jeopardy Clause because he did not receive credit for time served on the original conviction. He also argues that he never intended to waive his credit for time served, and that any waiver resulted from ineffective assistance of counsel. We find the former argument unavailing. We need not reach the latter.

I.

We review *de novo* a district court's denial of a habeas petition. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010). We review the district court's findings of fact for clear error. *Gilliam v. Sec'y for Dep't of Corr.*, 480 F.3d 1027, 1032 (11th Cir. 2007). Questions of law and mixed questions of law and fact receive *de novo* review. *Id.*

Our appellate review is limited, however, to the issue or issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250–51 (1998). The only way a petitioner may raise on appeal issues outside those specified in the COA is to have this Court expand the COA to include those issues. *Tompkins v. Moore*, 193 F.3d 1327, 1332 (1999). "An application to expand the [COA] must be filed promptly, well before the opening brief is due." *Id.* The arguments in a brief that address issues not covered in the COA "will not be considered as a timely application for expansion of the certificate; those issues simply will not be reviewed." *Id.*

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts shall not grant habeas relief to claims that state courts adjudicated on the merits unless the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A state court's decision is "contrary to" federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than th[e] Court on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S. Ct. 1495, 1523 (2000).

3

A state court's decision is an "unreasonable application" of federal law if the state court identifies the correct legal standard but unreasonably applies it to the facts of the petitioner's case. *Williams*, 529 U.S. at 413, 120 S. Ct. at 1523. Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 836 (11th Cir. 2001). Thus, a state court's determination that a claim lacks merit precludes habeas relief unless "no possibility" exists that "fairminded jurists could disagree" that the decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 787 (2011).

A state court's factual determinations are presumed correct, and the petitioner retains the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Parker*, 244 F.3d at 835–36. We will not question a state court's application of state law in federal habeas corpus review. *See Davis v. Jones*, 506 F.3d 1325, 1332 (11th Cir. 2007).

## II.

The Double Jeopardy Clause "provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb'" *Brown v. Ohio*, 432 U.S. 161, 164, 97 S. Ct. 2221, 2225 (1977) (quoting U.S. Const. amend. V.). The Clause protects against (1) successive prosecution for the same offense after

acquittal; (2) successive prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Pearce*, 395 U.S. at 711, 89 S. Ct. at 2071.[1]  This appeal concerns the last protection.

In *Pearce*, the defendant[2] pleaded guilty to four charges of burglary and received a ten-year prison term.  395 U.S. at 714–16, 89 S. Ct. at 2075–76.  His convictions were later vacated based on ineffective assistance of counsel.  *Id.* After retrial, he was convicted and sentenced to a 25-year prison term.  *Id.*  He then brought a federal habeas proceeding alleging, *inter alia*, that the state trial court erred when it failed to give him credit for time served on his original sentence.  *Id.* The Supreme Court agreed, holding that "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense."  *Id.* at 718–19.

But the Supreme Court has held that, in certain situations, a defendant may waive a double jeopardy challenge as part of a plea agreement.  *Ricketts v. Adamson*, 483 U.S. 1, 9–10, 107 S. Ct. 2680, 2685–86 (1987).  The defendant in *Ricketts* entered a plea agreement specifying that, if he refused to testify, the

---

[1] The prohibitions of the Double Jeopardy Clause apply to the States via the Fourteenth Amendment's Due Process Clause. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 2062 (1969).

[2] *Pearce* involved two defendant-respondents, but only one, defendant Rice, is applicable to the issue in this case. *See* 395 U.S. at 713–14, 89 S. Ct. at 2074–75. All references therefore refer to him only, and not to the other *Pearce* respondent.

original charges may be reinstated, and the parties returned to the *status quo ante*. *Id.* at 3, 9. When he refused to testify the prosecution reinstated the original, harsher, charge pursuant to which he was tried, convicted, and sentenced. *Id.* at 5–7. The Supreme Court held that the defendant had waived any double jeopardy defense, reasoning that a "[plea] agreement specifying that charges may be *reinstated* given certain circumstances is, at least under the provisions of this plea agreement, *precisely* equivalent to an agreement waiving a double jeopardy defense." *Id.* at 9–10 (emphasis original). The Supreme Court did not find it significant that double jeopardy was not expressly waived in the plea agreement. *Id.* at 9. Breaching the agreement returned the defendant to the status quo, at which point he had "*no* double jeopardy defense to waive." *Id.* at 10 (emphasis original); *see also Dermota v. United States*, 895 F.2d 1324, 1325–26 (11th Cir. 1990) (holding that defendant waived double jeopardy objection to multiple punishments for the same offense by pleading guilty to separate offenses "freely, voluntarily, and accompanied by his attorney"), *cert. denied*, 489 U.S. 837, 111 S. Ct. 107 (1990).

Here, the plea agreement explicitly provided that Jenkins would not receive credit for time served.[3] Jenkins represented that he had read that agreement,

---

[3] Under Florida law, credit for time served can be waived as part of a plea agreement, as long as the waiver is clearly shown on the record. *Hines v. State*, 906 So. 2d 1137, 1138 (Fla. 3d DCA 2005); *Render v. State*, 802 So. 2d 512, 513 (Fla. 3d DCA 2001).

discussed it with his attorney, and understood it. He affirmed that his attorney answered any and all questions he had regarding the agreement, and that no one had coerced or threatened him into entering it. At his plea hearing, both his attorney and the Court indicated that Jenkins was not entitled to credit for time served; Jenkins did not protest nor express any disagreement. Thus, Jenkins knowingly, "freely, voluntarily," and with the aid of counsel waived any right to credit for time served, and by extension his right against double jeopardy. *See Ricketts*, 483 U.S. at 9–10; *Dermota*, 895 F.2d at 1325–26. The *Pearce* defendant entered no such plea, but was in fact re-tried, convicted, and re-sentenced. 395 U.S. at 714–18.

Under these circumstances, we cannot conclude that the state court's denial of this claim was contrary to, or an unreasonable application of, clearly established federal law. *See Ward*, 592 F.3d at 1155; 28 U.S.C. § 2254(d)(1), (2). The Double Jeopardy Clause "does not relieve" Jenkins "from the consequences of his voluntary choice." *United States v. Scott*, 437 U.S. 82, 99, 98 S. Ct. 2187, 2198 (1978). The facts here and those in *Pearce* are materially distinguishable. In light of the record, we cannot say the state court's conclusion—that Jenkins voluntarily waived his right to credit for time served—was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(e)(1); *Parker*, 244 F.3d at 835–36.

Finally, we decline to address Jenkins's argument that his counsel was ineffective for failing to advise him that he would not receive credit for time served.  This issue is outside the scope of the COA granted by the District Court. *See Murray*, 145 F.3d at 1250–51.  To the extent Jenkins sought to expand that COA, he failed to promptly file an application before filing his opening brief.  *See Tompkins*, 193 F.3d at 1332.

**AFFIRMED.**